First Division
June 30, 2006

No. 1-03-1283

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | 98 CR 19923 |
| | ) | |
| LAWRENCE McDONALD, | ) | Honorable |
| | ) | Michael P. Toomin |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE McBRIDE delivered the modified opinion of the court upon denial of rehearing:

Defendant, Lawrence McDonald, was charged by indictment with two counts of armed robbery and one count of aggravated battery. Following a bench trial, defendant was convicted of two counts of aggravated robbery, an uncharged offense, and sentenced to 28 years in the Illinois Department of Corrections (IDOC). Defendant's convictions were reversed on appeal and the case was remanded for a new trial. People v. McDonald, 321 Ill. App. 3d 470, 471 (2001). Following a second bench trial on the original charges, defendant was found guilty of two counts of armed robbery and sentenced to an extended-term sentence of 45 years in the IDOC.

Defendant now appeals and argues that the second trial on the original charges of armed robbery violates the double jeopardy clause of both the United States Constitution (U.S. Const., amends. V, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §10), as well as section 3-4 of the Illinois Criminal Code of 1961 (720 ILCS 5/3-4 (West 1998)). Defendant asks this court to set aside the armed robbery conviction, correct the judgment order to reflect the finding on the

lesser-included offense of robbery, and remand for sentencing on that conviction. On July 31, 1998, defendant was charged by indictment with two counts of armed robbery (720 ILCS 5/18-2(a)(2) (West Supp. 1999)) and one count of aggravated battery (720 ILCS 5/12-4(b)(10) (West 1998)) in connection with the July 18, 1998, robbery of the Hollywood Grill.[1]

At defendant's bench trial, the State presented the testimony of several witnesses. Two patrons of the Hollywood Grill testified that they saw defendant enter the restaurant, wave a gun around and point it at a waitress, and order everyone to the ground. After the robbery, these two men flagged the attention of police and they accompanied the police as they trailed defendant. Defendant was captured by police a short time later. Both men identified defendant as the man who robbed the Hollywood Grill, and one recognized the gun left in defendant's car as similar to the gun used in the robbery. Two other witnesses testified that they were present for the robbery and later identified defendant in a lineup. Following the bench trial, defendant was found guilty of two counts of aggravated robbery (720 ILCS 5/18-5 (West 1998)), an uncharged offense, and sentenced to an extended-term sentence of 28 years in the IDOC. Defendant challenged his convictions on appeal, arguing that aggravated robbery was not a lesser-included offense of armed robbery and that he was deprived of due process because he was convicted of a crime not

---

[1] Prior to trial, the aggravated battery charge was disposed of by means of nolle prosequi.

1-03-1283

charged in the indictment. Although he conceded that he waived the issue for appellate review, defendant argued that plain error review required that his convictions be reduced to simple robbery (720 ILCS 5/18-1 (West 1998)) and that the case be remanded for a new sentencing hearing.

This court initially rejected defendant's arguments and affirmed his aggravated robbery convictions based on the doctrine of invited error. McDonald, No. 1-99-1631 (November 13, 2000) (unpublished order under Supreme Court Rule 23). The court held that because defense counsel had repeatedly argued during trial that aggravated robbery, not armed robbery, was the more appropriate crime, the issues had been waived for review. McDonald, slip op. at 9-11. Defendant filed a petition for rehearing and argued that the court was without jurisdiction to convict defendant of a crime not charged or contemplated in the indictment and that his conviction violated his due process rights.

In response to defendant's petition for rehearing, this court withdrew its original Rule 23 order and took defendant's petition with the case. People v. McDonald, 321 Ill. App. 3d 470, 471 (2001) (McDonald I). The court found that review was warranted under the principles of plain error. McDonald, 321 Ill. App. 3d at 471. Thereafter, this court reversed defendant's aggravated robbery convictions and sentence finding that the uncharged aggravated robbery offenses were not lesser-included offenses of the charged armed robbery offenses and because they were not charged, defendant could not be convicted of those offenses. McDonald, 321 Ill. App. 3d at 472-74. This court rejected defendant's request to reduce his convictions to robbery and instead remanded the case for a new trial. McDonald, 321 Ill. App. 3d at 474-75. In so

1-03-1283

holding, we expressly addressed the issue of double jeopardy.

On remand, defendant filed a pretrial motion to bar prosecution based on the implied acquittal rule. Defendant argued that in the previous trial, he was impliedly acquitted of the charges of armed robbery when the trial judge found him guilty of aggravated robbery. The trial court denied defendant's motion, stating that this court's decision in McDonald I already rejected defendant's arguments and it would not overrule the appellate court.

A bench trial commenced on October 10, 2002. Following the presentation of the State's case on retrial, defendant moved for a directed verdict which was denied. Thereafter, the trial court found defendant guilty of two counts of armed robbery. After a sentencing hearing, the trial court sentenced defendant to an extended-term sentence of 45 years in the IDOC. This appeal followed.

On appeal, defendant argues that his retrial for armed robbery violates the double jeopardy clause of both the United States Constitution (U.S. Const., amends. V, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §10), as well as section 3-4 of the Illinois Criminal Code (720 ILCS 5/3-4 (West 1998)). According to defendant, his armed robbery conviction cannot stand because the trial court's finding that defendant was guilty of aggravated robbery in his first trial was (1) an "implied conviction" of simple robbery, a lesser-included offense of armed robbery, which should have prevented him from being placed at further risk at a second trial; and (2) an "implied acquittal" of the greater offense, armed robbery, which should have prevented a second trial on the same charge. The State responds that the double jeopardy claims made by defendant are barred by the doctrine of law of the case. The State further asserts that

1-03-1283

even if the law of the case doctrine does not bar defendant's claims, defendant's retrial did not violate double jeopardy because (1) the judgment of conviction in the first trial was void and, therefore, defendant's conviction for aggravated robbery cannot support a finding of an implied conviction for robbery; and (2) aggravated robbery is not a lesser-included offense of armed robbery and, therefore, the implied acquittal doctrine does not apply.

We first address whether the doctrine of the law of the case prohibits our review.  It is well established that the doctrine of the *law* of the case bars relitigation of an issue already decided in the same case.  People v. Tenner, 206 Ill. 2d 381, 395 (2002).  The doctrine of the law of the case provides that an issue of law decided on a previous appeal is binding on the circuit court on remand as well as the appellate court on a subsequent appeal. Martin v. Federal Life Insurance Co. (Mutual), 268 Ill. App. 3d 698, 701 (1994).  The purpose of the law of the case doctrine is to protect settled expectations of the parties, ensure uniformity of decisions, maintain consistency during the course of a single case, effectuate proper administration of justice, and bring litigation to an end. Emerson Electric Co. v. Aetna Casualty & Surety Co., 352 Ill. App. 3d 399, 417 (2004).

The State contends that the law of the case doctrine clearly applies in this case.  According to the State, this court has already considered and rejected the identical claims defendant now advances on appeal and, therefore, precludes our review of the same.  With respect to defendant's  implied acquittal argument, the State directs the court's attention to our earlier decision in  McDonald I, wherein we stated:

> "It could be argued that the trial court impliedly acquitted

1-03-1283

          [defendant] of armed robbery and that double jeopardy would bar a

new trial on this charge. U.S. Const., amend. V; Ill. Const.1970,

art. I, §10. ("No person shall be *** twice put in jeopardy for the

same offense"). We disagree.


          [B]ecause the implied acquittal rule applies only to

convictions on lesser included offenses, the rule has no effect in

the case at bar. [Citations.]" (Emphasis omitted.) McDonald, 321

Ill. App. 3d at 474.

The State further argues that we have also previously rejected defendant's argument that

by finding him guilty of aggravated robbery, the trial judge impliedly convicted him of the

lesser-included offense of simple robbery. In our earlier decision, this court specifically refused

to grant defendant's request to reduce his conviction of aggravated robbery to the lesser-included

offense of robbery stating: "We cannot afford McDonald his requested relief: no convictions

remain for us to reduce under Rule 615(b)(3). [Citations.]" McDonald, 321 Ill. App. 3d at 475.

According to the State, our previous decision on the issues now before us prevents us from

reconsidering defendant's arguments.

Defendant maintains that the law of the case doctrine is a discretionary doctrine which

may, and should, be disregarded by this court in this case. Defendant acknowledges that the

doctrine of the law of the case is a rule of judicial economy, to prevent litigants from taking "

'two bites out of the same appellate apple' " (People v. Tenner, 206 Ill. 2d 381, 395 (2002),

quoting <u>People v. Partee</u>, 125 Ill. 2d 24, 37 (1988)), and that it is "a way to foreclose continued appeals for reconsideration of prior rulings of law" (<u>Gertz v. Robert Welch, Inc.</u>, 680 F. 2d 527, 532 (7th Cir. 1982)). Nevertheless, defendant argues that this court should "not enforce law of the case where it is clearly erroneous or where doing so would produce an injustice." According to defendant, a "grave injustice would be countenanced if this Court allowed a discretionary doctrine to preempt review of [defendant's] elemental constitutional right against double jeopardy."

Defendant is correct that the law of the case is a discretionary doctrine and that there are two exceptions to its application: (1) "when a higher reviewing court, subsequent to the lower reviewing court's decision, makes a contrary ruling on the same issue" and (2) where the court finds that its prior decision was palpably erroneous, but only when the court remanded the case for a new trial on all issues. <u>Martin</u>, 268 Ill. App. 3d at 701. We find that the second exception applies to this case in that our earlier decision was palpably erroneous, and for the reasons that follow, we vacate the armed robbery conviction in the second trial and reinstate the original finding of aggravated robbery in the first trial.

This court's decision in <u>McDonald I</u> to remand for a new trial was palpably erroneous because under the doctrine of invited error, the trial court's original finding of aggravated robbery was proper and should not have been considered as plain error. The rule of invited error or acquiescence is a procedural default sometimes described as estoppel. <u>In re Detention of Swope</u>, 213 Ill. 2d 210, 217 (2004). "Simply stated, a party cannot complain of error which that party induced the court to make or to which that party consented. The rationale behind this

1-03-1283

well-established rule is that it would be manifestly unfair to allow a party a second trial upon the basis of error which that party injected into the proceedings." Swope, 213 Ill. 2d at 217; see also People v. Carter, 208 Ill. 2d 309, 319 (2003); McMath v. Katholi, 191 Ill. 2d 251, 255 (2000); People v. Segoviano, 189 Ill. 2d 228, 240-41 (2000); People v. Schickel, 347 Ill. App. 3d 889, 896-97 (2004). "[W]here the trial court's course of action is taken at defendant's suggestion and the defendant thereafter acquiesces in the court's expressed course of conduct, the defendant should be precluded from raising such course of conduct as error on appeal." People v. Abston, 263 Ill. App. 3d 665, 671 (1994); see also People v. Crossley, 236 Ill. App. 3d 207, 217 (1992) ("[w]here a party acquiesces in proceeding in a given manner, he is not in a position to claim he was prejudiced thereby"); People v. George, 263 Ill. App. 3d 968, 972 (1993) ("[i]t is indeed insufferable to allow defendant to knowingly participate in a bench trial without protest * * * with a view that if an adverse judgment is rendered, he would be granted a new trial").

We find that the analysis in Schickel controls in the present case. In Schickel, the defendant was indicted for first and second degree murder, felony murder based upon mob action, and aggravated battery, but the State dismissed all counts before trial except felony murder. Schickel, 347 Ill. App. 3d at 889-90. During closing argument, defense counsel asked the trial court to consider the lesser-included charge of involuntary manslaughter even though involuntary manslaughter was not charged as a lesser-included offense of felony murder. Schickel, 347 Ill. App. 3d at 893-94. On appeal, the defendant asked the reviewing court to hold that under Illinois case law involuntary manslaughter was not a lesser-included offense of felony murder and that his conviction be reversed for this reason. Schickel, 347 Ill. App. 3d at 895-96.

The Schickel court declined to reverse based on the invited error doctrine. Schickel, 347 Ill. App. 3d at 896. The court looked to the precedential case of People v. Clements, 316 Ill. 282 (1925), where the defendant contended it was error for the trial court to submit the charge of manslaughter to the jury and to sentence him for manslaughter even though defendant requested such an instruction. Clements, 316 Ill. at 283. In rejecting the defendant's argument, the supreme court held:

> "It is a well settled principle of law that a party will not be allowed to take advantage of his own wrong or of an error of the court induced by his own motion. If it was error to instruct the jury upon the question of manslaughter and to submit to the jury the question of plaintiff in error's guilt of the crime of manslaughter, plaintiff in error invited the error, and having done so must accept its results. He cannot ask the court below to make a specific ruling or to proceed in a certain manner and then successfully assign as error in a court of review that the ruling or action of the court is erroneous. [Citations.]" Clements, 316 Ill. at 284.

The reviewing court also looked to the more recent decision in People v. Feldmann, 314 Ill. App. 3d 787 (2000), for guidance. Schickel, 347 Ill. App. 3d at 897-98. In Feldmann, the defendant was charged with first degree murder, but asked the trial court to allow the jury to consider involuntary manslaughter. The jury then found the defendant guilty of involuntary manslaughter. Feldmann, 314 Ill. App. 3d at 788-89. The defendant appealed, arguing that the

jury verdict was not supported by the evidence at trial and the defendant was entitled to a reversal. Feldmann, 314 Ill. App. 3d at 790. "A defendant cannot successfully argue for a lesser-included-offense instruction, allowing deliberation on whether that lesser-included offense was committed, and later challenge the sufficiency of the evidence to support a verdict in favor of the defendant's lesser guilt. [Citations.] The defendant could not ask the trial judge to proceed in the manner employed and expect us to assign his favorable ruling as a reason to reverse her conviction." Feldmann, 314 Ill. App. 3d at 797.

The defendant in Schickel attempted to distinguish Clements by contending that in that case involuntary manslaughter was still a viable lesser-included offense, whereas in his case, involuntary manslaughter was not charged in the indictment and, therefore, was not a viable option. Schickel, 347 Ill. App. 3d at 898. The court agreed with the defendant that the facts presented differed, but saw no reason to depart from the premise that "a defendant will be held accountable for any mistakes he injects into his own trial." Schickel, 347 Ill. App. 3d at 898. The Schickel court concluded:

> "However, where a defendant has indicated to a trial court that he
> is aware of the possibility that he could be found guilty of a certain
> crime, even going so far as to suggest that the trial court consider it
> as an alternative possibility, he cannot seriously contend on appeal
> that he was unaware of that very charge. Certainly, where defense
> counsel proposed 'other options' to the court, and the defendant
> himself assented to the court's consideration of those 'options,' it is

1-03-1283

>safe to say that he was sufficiently apprised of those charges."

>(Emphasis omitted.)  Schickel, 347 Ill. App. 3d at 898.

The court in Schickel went on to find that "where the overarching purpose of a defendant's right to be informed of the nature and cause of the charges against him is to provide him with the ability to prepare a defense and to assure him that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct [citation], the intended goals of that constitutional right have been met here where the defendant himself argued that the court should consider involuntary manslaughter, and that charge would operate as a bar to a later prosecution for involuntary manslaughter." Schickel, 347 Ill. App. 3d at 899.

Finally, the court found that the defendant's argument was not reviewable as plain error under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)).  Schickel, 347 Ill. App. 3d at 899-900. The court held that the record on appeal showed that "any issue regarding notice to the defendant was waived, and if not waived, any conceivable error did not affect the fairness of the proceedings." Schickel, 347 Ill. App. 3d at 900.

As in Schickel, the alleged error in the present case was injected into the trial by defense counsel's comments and conduct.  On multiple occasions, defendant's attorney asserted to the trial court that aggravated robbery was the more appropriate charge because the evidence did not support armed robbery.  At the outset of the trial, defense counsel stated in his opening statement:

>"Judge, the evidence will show that the weapon that the

>State is intending to introduce as the weapon included in the armed

robbery was not loaded. *** [N]o bullets [were] found on—in the gun or on Mr. McDonald or anywhere near his person. No indication that this weapon was armed in any way in which he could use it as a firearm.

Judge, at the end of the evidence, Judge, we'll be asking you to look at the facts and indicate that the aggravated robbery is the proper charge in this case. That one uses—puts one out to be armed in the process of the robbery.

Judge, we believe the statute was enacted directly for a case of this kind, and we will be asking for a finding of not guilty on the armed robbery at the end of the State's case."

In his argument for a directed finding following the State's case, defense counsel contended that the evidence was not sufficient to show armed robbery because the State failed to show the gun was operable. Defense counsel also suggested that the State's evidence showed that defendant acted as if defendant had a weapon. Defense counsel again mentioned the charge of aggravated robbery. After the State pointed out that the evidence showed that defendant did have a weapon when he committed the robbery and that the State was not required to show that the weapon was loaded or operable in order to establish the elements of armed robbery, the judge denied the request for a directed finding.

Later, in closing arguments, defense counsel stated:

"Judge, the State's burden is high. They have to prove

every element of the offense beyond a reasonable doubt. Judge, they have shown what they said has been done[;] however, there's been no testimony as to whether there was a actually a gun with the ability to admit projectiles, whether it was loaded at the time, whether it was capable of being used at the time of the robbery.

Judge, the statement itself says 'it appeared to be a gun,' and that's exactly what the aggravated robbery statute is about, whether somebody commits a robbery and acts as if they have a weapon. They appear that they have a weapon. That's the testimony in this case. That's the fit charge in this case. We are asking for a finding of not guilty."

The clear import of this argument to the trial court was a request for a finding of not guilty on the armed robbery charge, and a further request by the defendant for a finding of a lesser offense of aggravated robbery. The defense presented at trial was not an alibi, nor a case of mistaken identity; rather, defense counsel suggested that the court find defendant guilty of a something less than armed robbery. Moreover, defendant has never denied that this was a circumstance of injected error, but argued in McDonald I that the sufficiency of the charging instrument trumped any error injected into the trial by defendant. We disagree.

Defendant by his conduct injected the aggravated robbery charge into his first trial and then acquiesced in this finding. Defendant made no objection before the trial court as to the finding of aggravated robbery, even though defendant had the opportunity to do so at the close of

his trial, in his motion for a new trial, and at his sentencing hearing.  Defendant injected the error into his trial by repeatedly suggesting that the court find him guilty of a lesser charge, and then failed to object when the court followed defendant's suggestion.   Thus, the decision in McDonald I was palpably erroneous because defendant injected the issue aggravated robbery into his trial and, therefore, he was precluded from raising it on his initial appeal.

Additionally, the McDonald I court's decision was palpably erroneous for considering this  issue as plain error.  Supreme Court Rule 615(a) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.  Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."  134 Ill. 2d R. 615(a).

Under the plain error rule, issues not properly preserved may be considered by a reviewing court under two limited circumstances: (1) where the evidence is closely balanced, so as to preclude argument that an innocent person was wrongfully convicted; or (2) where the alleged error is so substantial that it affected the fundamental fairness of the proceeding and remedying the error is necessary to preserve the integrity of the judicial process.  People v. Herron, 215 Ill. 2d 167, 178-79 (2005).  In both instances, the burden of persuasion remains with the defendant.  Herron, 215 Ill. 2d at 187.

Defendant's argument does not fit within either exception to the plain error rule.  The evidence was not closely balanced.  Defendant was identified at trial by four witnesses who were present at the Hollywood Grill during the robbery.  Defendant's claim on the insufficiency of the charging instrument did not affect a substantial right because defendant suggested the trial court

consider aggravated robbery and any issue of notice was, therefore, harmless. Schickel, 347 Ill. App. 3d at 900. This claimed error did not affect the fundamental fairness of defendant's trial, and the McDonald I court's decision to review it as plain error was palpably erroneous.

This conclusion does not conflict with the analysis in People v. Jones, 293 Ill. App. 3d 119 (1997), which the McDonald I court relied on in its decision. In Jones, the defendant alleged that the trial court committed reversible error in refusing to give a jury instruction on aggravated robbery as a lesser-included offense of armed robbery. Jones, 293 Ill. App. 3d at 126. The reviewing court held that aggravated robbery can be considered a lesser-included offense only if the charging instrument includes the necessary foundation for all elements of aggravated robbery. Jones, 293 Ill. App. 3d at 128. The Jones court found that the trial court properly refused to give this instruction because the charging instrument in that case failed to "allege that the gun was ever displayed to [the victim] or that the defendant implied to [the victim] that he possessed a gun," a necessary element of aggravated robbery. Jones, 293 Ill. App. 3d at 129; see also 720 ILCS 5/18-5 (West 1996).

The McDonald I court overlooked critical differences in the facts presented in the instant case. Here, defense counsel explicitly told the trial court that the State's evidence could not support an armed robbery finding, but could support a finding of aggravated robbery, and the court followed defense counsel's request. Whereas, the Jones court found the trial court's refusal to give the instruction to be proper. Jones, 293 Ill. App. 3d at 129. The issue in Jones was whether the refusal to give the instruction on aggravated robbery was error, and the reviewing court in Jones was not asked to consider the question of invited error. Therefore, we find it is

1-03-1283

distinguishable from the present case.

We also find the facts in the present case to be distinguishable from those present in People v. Kelley, 328 Ill. App. 3d 227 (2002). In Kelley, the defendant was charged with two counts of armed robbery, but convicted of aggravated robbery. Kelley, 328 Ill. App. 3d at 228. Following a bench trial, the trial court found " 'that as to the weapon used, the State has not proven that beyond a reasonable doubt, but as to the fact that property was taken from the victim in this case, by force, I do and by threat of the use of a weapon, I find the defendant guilty of aggravated robbery.' " (Emphasis omitted.) Kelley, 328 Ill. App. 3d at 229-30. The Kelley court relied on Jones and held that the defendant was improperly found guilty of an uncharged offense. Kelley, 328 Ill. App. 3d at 232.

The facts in Kelley contain two key differences from the circumstances in the instant case. The trial court in Kelley expressly found that the State had failed to prove the defendant guilty of armed robbery, and the critical difference is that, unlike in the present case, the defendant did not request consideration of aggravated robbery as a lesser-included offense. In the instant case, the trial court never made such an express finding that the State failed to prove defendant guilty of armed robbery. Additionally, the issue of invited error was not implicated in Kelley because there the trial court unilaterally found the defendant guilty of the uncharged lesser-included offense of aggravated robbery. Here, the circumstances presented are entirely different because the trial court acted on the suggestion of defense counsel, and accordingly, an error was invited by defendant.

Since we find that defendant was properly convicted of aggravated robbery in the first

trial, the issue of double jeopardy is no longer implicated.

We hold that defendant was properly found guilty of aggravated robbery in his first trial. We vacate the order of the trial court finding defendant guilty of armed robbery and his 45-year sentence. Pursuant to our authority under Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we reinstate defendant's conviction for aggravated robbery and 28-year sentence imposed in the first trial.

In defendant's petition for rehearing, he contends that this court lacks jurisdiction to reinstate defendant's aggravated robbery conviction from his first trial because his notice of appeal only conferred jurisdiction for his second trial. However, defendant fails to point out that the relief he is seeking, *i.e.*, a finding of simple robbery based on the first trial, requires this court to do the thing he insists we cannot do. It appears to defendant that this court can only revisit the first trial if we grant him the relief he requested, but any deviation is a case of "judicial prestidigitation." Such an argument is circular and without merit. Also, defendant's reliance on People v. Lyles, 217 Ill. 2d 210 (2005), and related cases is misplaced. In Lyles, the supreme court held that the appellate court was procedurally barred from obtaining jurisdiction after the 21 days lapsed for filing a petition for rehearing. Lyles, 217 Ill. 2d at 217. That is not an issue in this appeal. Rather, under the law of the case doctrine, we held that the decision in the first appeal was clearly erroneous. Defendant's argument on appeal was that the decision in the first appeal was in error because it ordered a retrial. Our decision in the present case merely found a different error than that complained of by defendant. Specifically, we have found that the decision in the first appeal to remand for a new trial was error and that the aggravated robbery

conviction should have been affirmed because defendant invited the error complained of.

Moreover, double jeopardy does not bar this court from reinstating defendant's original

conviction for aggravated robbery.

Order vacated and the original finding of guilty of aggravated robbery and sentence is

reinstated.

GORDON and BURKE, JJ., concur.