2016 IL App (1st) 141664
No. 1-14-1664
Opinion Filed March 30, 2016

THIRD DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court |
| | ) | of Cook County, |
| Plaintiff-Appellee, | ) | Illinois. |
| | ) | |
| v. | ) | No. 04CR28617 |
| | ) | |
| BRANDON COLE, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Joseph G. Kazmierski, |
| | ) | Judge Presiding. |
| | ) | |
| | ) | |

JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1        After a jury trial, defendant Brandon Cole was found guilty of two counts of
attempted first degree murder and two counts of aggravated battery with a firearm for the
shooting of Zachary Parson and Tiffany Space. He was sentenced to two terms of 20-years'
imprisonment on the attempted murder convictions, to be served concurrently. He appealed,
arguing that that his trial counsel was ineffective and that the evidence was insufficient to

convict him. *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23). We affirmed defendant's convictions, but vacated the trial court's imposition of concurrent sentences, remanding for imposition of consecutive sentences. *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23). On remand, the trial court held a new sentencing hearing after which it resentenced defendant to two consecutive terms of 15 years' imprisonment. Defendant now appeals from the resentencing, contending: (1) his original 20-year concurrent terms were not void and are, therefore, neither subject to increase nor appealable by the State; and (2) the resentencing court erred in increasing his "aggregate sentence" by 10 years on remand. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3        Many of the underlying details are included in defendant's direct appeal and postconviction appeal. *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23) (the direct appeal); *People v. Cole*, 2012 IL App (1st) 102499 (the postconviction appeal). We recite here only those facts pertinent to the current appeal.

¶ 4        In 2007, defendant and codefendant Christopher Flint[1] were tried simultaneously but before separate juries. At trial, victim Parson testified that he was shot by defendant on November 14, 2004, while walking with covictim Space. Specifically, Parson testified that he heard six shots and saw the shots coming from a gun held by defendant, whom he had known for approximately 10 years. Defendant, holding the gun, was about three or four feet away at the time. Parson was struck four times, suffering bullet wounds to his stomach, leg, and arm. Parson fell to the ground.

---

[1] Codefendant Flint is not a party to this appeal.

¶ 5        From the ground, Parson saw codefendant Flint, whom he had also known approximately 10 years, shoot at Space.  Space was shot six times:  twice in the abdomen, once in the neck, back, hip, and buttocks.

¶ 6        When the shooting stopped, Parson saw defendant and Flint run into an alley across the street.  Parson called the police.  Both victims survived.

¶ 7        Defendant was found guilty of two counts of attempted first degree murder and two counts of aggravated battery with a firearm.  Following a sentencing hearing, defendant was sentenced to two terms of 20 years' imprisonment on the attempted murder convictions, to be served concurrently.

¶ 8        Defendant appealed, arguing that the State failed to prove his guilt beyond a reasonable doubt; that trial counsel was ineffective for failing to move to quash his arrest and suppress evidence; and that trial counsel was ineffective for failing make particular objections at trial. *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23). We affirmed defendant's convictions, but remanded for a new sentencing hearing.  As to the sentencing issue, in the direct appeal, we stated, "The State challenges the imposition of concurrent prison terms," with the following footnote:

>        "The defendant first identified this issue in his initial brief, evidently
> anticipating the State would address it in its responsive brief." *People v. Cole*,
> No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23).

We clarify that statement and footnote today.  While it is true that defendant "first identified" the issue in his opening brief on the direct appeal, he did so by more than a mere mention of the issue.  Rather, the issue had its own heading plus two full pages of argument.  The heading, in bold, read:

"The holding of the Illinois Supreme Court in *People v. Arna*[,168 Ill. 2d 107 (1995),] is not applicable to the case at bar because the trial court properly determined that the criteria for mandatory consecutive sentences were not present under the facts of this case."

¶ 9 Defendant proceeded, then, to argue why *Arna* was not pertinent to his sentence and why it was appropriate for him to serve concurrent prison terms. He ended his argument with the following paragraph:

"Consequently, in the event that this court affirms the judgment of the circuit court of Cook County convicting Mr. Cole for the offenses of attempt first degree murder of both Mr. Parson and Ms. Space, this Court should also affirm the judgment of the circuit court of Cook County sentencing Mr. Cole to serve his prison terms concurrently."

¶ 10 In its response brief, the State noted that defendant's legal argument was outdated and argued that *Arna* did apply to defendant's convictions. It urged this court to remand for resentencing for statutorily required consecutive sentences. In his reply brief, defendant acknowledged his legal argument was outdated and conceded the sentencing issue.

¶ 11 Defendant, rather than the State, raised the sentencing issue in his opening appellate brief on direct appeal. In that appeal, we found that the trial court erred in imposing concurrent sentences. We vacated the sentences and remanded "for a new sentencing hearing for the imposition of consecutive sentences." *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23).

¶ 12 Prior to being resentenced, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)).

*People v. Cole*, 2012 IL App (1st) 102499. The trial court dismissed the petition as being frivolous and patently without merit, and this court affirmed. *People v. Cole*, 2012 IL App (1st) 102499, ¶¶ 27-28.

¶ 13     Time passed before defendant was resentenced. In 2013, defendant filed a petition for *habeas corpus* to demand resentencing. The court appointed the public defender to represent defendant and the case proceeded to a resentencing hearing.

¶ 14     Upon resentencing, the trial court ordered a new presentence investigation report and conducted a new sentencing hearing. At the hearing, the State recited the facts of the case, including that the victims were shot a total of 10 times and both had to undergo surgery for their injuries. The State reiterated that this constituted severe bodily injury and that the new sentences imposed must be served consecutively. The State asked for a sentence of 20 years for each conviction, to be served consecutively, for a total of 40 years' incarceration.

¶ 15     The defense argued defendant's original sentence was, in reality, a total sentence of 17 years' incarceration, where the sentence was two concurrent terms of 20 years' incarceration to be served at 85%. The defense argued that, because the court would have known defendant would only serve 17 years, the court, in handing down the original sentence, was actually making manifest its intent to sentence defendant to 17 years' incarceration. Therefore, the defense asked the court to start with two 10-year terms, served consecutively at 85%, as the upper limit of its sentence calculations, rather than consider the full sentencing range for the crimes.

¶ 16     In mitigation, the defense argued that defendant had taken steps while incarcerated to improve himself, including learning to read and write, being waitlisted for the GED program, training to be a janitor and then working as a housing unit janitor, setting the goal of being a

barber upon release from incarceration, and attending religion classes. The defense also argued that the public interest would be served by allowing defendant to get out of jail earlier, as it would be an incentive for others to do well while incarcerated. The defense argued that defendant "as he stands here today [is] a different person than he was when he was sentenced back in 2007," and that defendant "wants to better himself so when he is released he is able to get a job and be a productive member of society." The defense asked the court to sentence defendant to the minimum allowable sentence of two terms of six years each, to be served consecutively at 85%.

¶ 17        The court stated:

"THE COURT: I am looking at all the information. The case was remanded back to me for a new sentencing hearing based upon the fact that you should have been sentenced to consecutive sentences rather than concurrent, which you initially [were].

Looking at all the information contained in the presentence investigation report I find that your prior history of criminal behavior is as stated in the presentence investigation report. Also that there was serious harm inflicted in this case to each of the victims concerned herein. Also I am considering the information provided by your attorney from your stay in the Illinois Department of Corrections in the interim process as well.

Based on all those factors I just enumerated, on Counts 1 and 2 I am going to sentence you to a term of 15 years in the Illinois Department of Corrections. The sentence is to be served consecutively or one right after the other. Your

sentence does include three years mandatory supervised release. It's an 85 percent sentence as well."

The defendant asked the court if the sentence was a total of 15 years' incarceration, or two sentences of 15 years each, and the court clarified that it was "15 and 15."

¶ 18      Defense counsel made an oral motion to reconsider the sentence, which the court denied, noting, "I am considering the sentence in the manner in which the Appellate Court told me to ***."

¶ 19      Defendant appeals.

¶ 20                    ANALYSIS

¶ 21              I.  Defendant's Original Sentences

¶ 22      On appeal, we first consider defendant's contention that his original sentences were "not void under a proper understanding of the term, and thus not subject to increase by this Court or appealable by the State." Specifically, defendant admits his original concurrent sentences were improper and that he should have been sentenced to consecutive sentences. However, relying on new supreme court precedent, *People v. Castleberry*, 2015 IL 116916, which abrogated *People v. Arna* and its holding that a void sentence can be challenged at any time, defendant urges this court to recognize that the original sentence should never have been addressed. He asks this court to reinstate his admittedly improper concurrent sentences or to order a remand for resentencing with an "aggregate sentence cap of 20 years."

¶ 23      As an initial matter, the State notes and defendant concedes that defendant has forfeited review of this claim by failing to include it in his written motion to reconsider

sentence.[2]  See *People v. Bair*, 379 Ill. App. 3d 51, 57 (2008).  Defendant, however, urges us to review the issue pursuant to the plain error doctrine and, in lieu of that, as an ineffective assistance of counsel claim.  In order to preserve an issue for appeal, a party must first make an objection to the alleged error at trial and then raise it in a posttrial motion.  *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).  When he fails to meet these requirements, the issue is forfeited.  *People v. Reddick*, 123 Ill. 2d 184, 198 (1988).  The plain error doctrine "permits a reviewing court to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189 (2010); see also *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007) (citing *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)); see also Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967) ("[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.  Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.").  Under either prong of the plain error doctrine, the burden of persuasion remains on the defendant.  *People v. Bowman*, 2012 IL App (1st) 102010, ¶ 30 (citing *People v. Lewis*, 234 Ill. 2d 32, 43 (2009)).  Based on the circumstances presented in the instant cause, defendant cannot meet his burden here.

---

[2]  This motion, filed after defendant's initial sentencing, alleged only that the sentence was excessive "in view of the defendant's background and the nature of his participation in the offense" and that the sentence "improperly penalized defendant for exercising his right to trial."

¶ 24        Defendant contends that plain error is established under the second prong, arguing that the "State's appeal of [defendant's] sentence, the appellate court's determination that [defendant's] sentence was void, and the unauthorized sentence affects his substantial rights." In other words, defendant challenges our 2010 decision and the resentencing that followed.[3] We elect to consider this alleged error pursuant to the plain error doctrine. "The first step of plain-error review is to determine whether any error occurred." *Lewis*, 234 Ill. 2d at 43; see also *People v. Wilson*, 404 Ill. App. 3d 244, 247 (2010) ("There can be no plain error if there was no error at all ***."). This requires "a substantive look at [the issue raised]." (Internal quotation marks omitted.) *People v. Johnson*, 208 Ill. 2d 53, 64 (2003).

¶ 25        We therefore first review defendant's claim to determine if there was any error before considering it under plain error, and we find no error where: (1) the doctrine of the law of the case applies such that defendant is no longer able to challenge his remand for resentencing, but is only able to challenge the new sentence itself; (2) the recent Illinois Supreme Court case relied upon by defendant, *People v. Castleberry*, does not apply to defendant's case; and (3) neither Illinois Supreme Court Rule 604 (eff. July 1, 2006) nor Rule 615 (eff. Jan. 1, 1967) precluded this court's review of defendant's original unauthorized sentences on direct appeal.

¶ 26                                    1. Law of the Case

[3]      We acknowledge that the timing of events in this case is unusual. We remanded for resentencing on March 8, 2010. The record on appeal is unclear as to what caused the ensuing delay, but defendant, apparently through no fault of his own, was not resentenced until May 15, 2014. Defendant filed his notice of appeal in this cause immediately thereafter, on May 16, 2014.

¶ 27    The State argues this court's 2010 remand for the imposition of consecutive sentences, with which the trial court complied, is the law of the case and should not be addressed at this time. "[T]he law of the case doctrine bars relitigation of an issue already decided in the same case." *People v. Tenner*, 206 Ill. 2d 381, 395 (2002); *People v. Patterson*, 154 Ill. 2d 414, 468 (1992) ("generally, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same"). There must be a final judgment to sustain application of the law of the case doctrine. *Patterson*, 154 Ill. 2d at 469. Under the doctrine, an "issue of law decided on a previous appeal is binding on the circuit court on remand as well as the appellate court on a subsequent appeal." *People v. McDonald*, 366 Ill. App. 3d 243, 247 (2006). The purpose of the doctrine is to "protect settled expectations of the parties, ensure uniformity of decisions, maintain consistency during the course of a single case, effectuate proper administration of justice, and bring litigation to an end." *McDonald*, 366 Ill. App. 3d at 247; *Bond Drug Co. of Illinois v. Amoco Oil Co.*, 323 Ill. App. 3d 190, 197 (2001) (" 'The rule of the law of the case is a rule of practice, based on sound policy that, where an issue is once litigated and decided, that should be the end of the matter and the unreserved decision of a question of law or fact made during the course of litigation settles that question for all subsequent stages of the suit.' ") (quoting *Continental Ins. Co. v. Skidmore, Owings & Merrill*, 271 Ill. App. 3d 692, 696-97 (1995)).

¶ 28    Courts have recognized that a party seeking review of a decision of the appellate court has only two avenues for relief: either file a petition for rehearing or seek leave to appeal to the supreme court. *Harris Trust & Savings Bank v. Otis Elevator Co*., 297 Ill. App. 3d 383, 388 (1998). Although the issue defendant now asks us to address—the propriety of remand for the imposition of consecutive sentences—clearly had the potential to result in what

defendant claims is a longer sentence, defendant neither filed a petition for rehearing from the 2010 decision, nor sought leave to appeal to the supreme court. Therefore, our 2010 decision, *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23), in which we found the trial court erred in imposing concurrent sentences and remanded for resentencing is the law of the case.

¶ 29    There are two exceptions to the doctrine of the law of the case: (1) where the supreme court makes a contrary ruling on the precise issue of law on which the appellate court had based its prior decision; and (2) where the appellate court finds its prior decision was erroneous, but only when the court remanded the case for a new trial of all the issues. *Martin v. Federal Life Insurance Co.*, 164 Ill. App. 3d 820, 824 (1987); *People v. Lyles*, 208 Ill. App. 3d 370, 376 (1990). Neither of these exceptions apply to the case at bar. The first exception, that of the supreme court making a contrary ruling on the precise issue of law, is inapplicable because *Castleberry* abolished the void sentence rule in the context of a sentence being increased, while the sentence in the case at bar, as will be discussed below, involved consecutive versus concurrent sentences rather than a sentence increase, and, in any event, the sentence handed down upon resentence was not an increase in defendant's sentence. The second exception, that of the appellate court finding its prior decision erroneous and the cause being remanded for a new trial on all issues, is clearly inapplicable because we do not find this court's prior decision was erroneous and we did not remand for a new trial on all of the issues. For these reasons, the 2010 appellate decision, *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23), is the law of the case.

¶ 30      We also note here that defendant, citing *Lyles*, 208 Ill. App. 3d 370 (the judgment in the defendant's case was not yet final until, upon remand, the final sentence was rendered), argues that new supreme court decisions apply to cases on direct appeal and that his case remains on direct appeal because his sentence is not yet final.  What defendant fails to recognize is that his *consecutive* sentences are the final judgment under review at this time, rather than his initial concurrent sentences.  In contrast to the case at bar, the *Lyles* defendant's case was still on remand for resentencing and therefore not a final judgment at the time a new United States Supreme Court decision potentially affecting the outcome was announced. *Lyles*, 208 Ill. App. 3d at 375.  In contrast, defendant here committed attempted murder and aggravated battery with a firearm in 2004.  He was tried and convicted for these crimes in 2007.  He then filed a direct appeal, from which this court remanded defendant's case to the trial court for resentencing in 2010.  *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23).  Defendant was then resentenced in 2014. The direct appeal from defendant's conviction occurred in 2010.  The case before this court today is the direct appeal from defendant's new, consecutive sentences, to which defendant was sentenced upon remand.

¶ 31              2. *People v. Castleberry* does not address this factual scenario

¶ 32       Even aside from the doctrine of the law of the case, however, we would still find that *Castleberry* is distinguishable from the case at bar and does not require this court to reinstate defendant's unauthorized previous sentences, where *Castleberry* dealt with:  (1) the void sentence rule; and (2) a cause that was remanded to the trial court with instructions to increase the defendant's sentence.  In contrast, the case at bar deals with a voidable sentence

that was remanded to the trial court for resentencing and which, upon resentencing, was not increased.

¶ 33                                a. Defendant's Sentence is Voidable, Not Void

¶ 34        Our supreme court has "consistently held that a judgment is void if and only if the court that entered it lacked jurisdiction." *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 16 (citing *People v. Davis*, 156 Ill. 2d 149 (1993)); accord *Castleberry*, 2015 IL 116916, ¶ 11. In *Davis*, our supreme court criticized the persistent carelessness in the manner in which our courts have interchangeably employed the terms "void" and "voidable." The court stated:

> "The term 'void' is so frequently employed interchangeably with the term 'voidable' as to have lost its primary significance. Therefore, when the term 'void' is used in a judicial opinion it is necessary to resort to the context in which the term is used to determine precisely the term's meaning." *Davis*, 156 Ill. 2d at 155.

Our supreme then clarified that the term "void" should be reserved only for those judgments rendered by a court that lacked jurisdiction. *Davis*, 156 Ill. 2d at 155. The court explained:

> "Whether a judgment is void or voidable presents a question of jurisdiction. [Citation.] Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. [Citation.] By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. [Citation.]" *Davis*, 156 Ill. 2d at 155-56.

¶ 35        "[J]urisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide

carries with it the power to decide wrong as well as to decide right." *Davis*, 156 Ill. 2d at 156. Moreover, once jurisdiction is acquired, "no subsequent error or irregularity will oust the jurisdiction thus acquired"; and "a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both." *Davis,* 156 Ill. 2d at 156. Whether a sentence is void is a question of law, subject to *de novo* review. *People v. Donelson*, 2011 IL App (1st) 092594, ¶ 7.

¶ 36      While this cause was pending on appeal, our supreme court released *People v. Castleberry*, 2015 IL 116916.[4]  In *Castleberry*, our supreme court abolished the void sentence rule, which stated " 'A sentence which does not conform to a statutory requirement is void,' " abrogating *Arna*, 168 Ill. 2d 107. *Castleberry*, 2015 IL 116916, ¶¶ 13, 19 (quoting *Arna*, 168 Ill. 2d at 113). In its decision, the court stated, "recent decisions from this court have undermined the rationale behind the [void sentence] rule to the point that the rule can no longer be considered valid," and observed that the void sentence rule developed from prior cases which held that, in addition to subject matter and personal jurisdiction, circuit courts also possess " 'inherent authority' "  or " 'inherent power,' " noting:

> "[O]ur cases have at times also held 'that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction.' [Citation.]  Based on this idea, the

---

[4]      The opening briefs in this appeal were filed before our supreme court issued its opinion in *People v. Castleberry*, 2015 IL 116916.  *Castleberry* was released prior to the State Appellate Defender's filing of its reply brief. We allowed the Office of the State's Attorney to file a supplemental brief in regards to the effect of *Castleberry* on this cause.

rule has developed which holds that a circuit court which violates a particular statutory requirement when imposing a sentence acts without 'inherent authority' or 'inherent power.' And, because the court has acted without power, it has acted without jurisdiction, thereby rendering the sentence void. Thus, the void sentence rule is stated: 'A sentence which does not conform to a statutory requirement is void.' [Citation.]" *Castleberry*, 2015 IL 116916, ¶ 13.

However, continued the court, the Illinois Constitution granted circuit courts original jurisdiction over all justiciable matters. *Castleberry*, 2015 IL 116916, ¶ 18 (citing Ill. Const. 1970, art. VI, § 9). Therefore:

"while the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." (Internal quotation marks omitted.) *Castleberry*, 2015 IL 116916, ¶ 15.

The court reasoned that the "inherent power" idea of jurisdiction is at odds with the grant of jurisdiction given to the circuit courts under the Illinois Constitution, then, and cannot be reconciled with the court's decisions in *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), *Belleview Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), and *LVNV Funding, LLC v. Trice*, 2015 IL 116129. *Castleberry*, 2015 IL 116916, ¶ 18. The court held:

"Because 'a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority' (*Steinbrecher*, 197 Ill. 2d at 530 ***),

the void sentence rule is constitutionally unsound. Accordingly, the void sentencing rule is hereby abolished." *Castleberry*, 2015 IL 116916, ¶ 19. Consequently, only the most fundamental defects, such as the lack of personal jurisdiction or the lack of subject matter jurisdiction, warrant declaring a judgment void. *Castleberry*, 2015 IL 116916, ¶ 15.

¶ 37        Applying these principles to the facts of this case, we are compelled to conclude that the initial sentencing order was voidable, not void. Defendant does not contest that the court had jurisdiction over the defendant as well as over the subject matter. The court, therefore, had authority to enter convictions and sentences on the charged offenses, and its order sentencing defendant to two concurrent terms of 20 years' incarceration when it should have ordered the sentences to be served consecutively was, merely, error. See *Davis*, 156 Ill. 2d at 156 ("jurisdiction or power to render a particular judgment *** carries with it the power to decide wrong as well as to decide right"). This error did not divest the court of its jurisdiction. See *Davis*, 156 Ill. 2d at 156 (once jurisdiction is acquired, "no subsequent error or irregularity will oust the jurisdiction thus acquired"; and "a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both"). Therefore, the order was voidable and not void. For this reason, it falls outside the strictures of *Castleberry*, which abolished the void sentence rule.

¶ 38                                b. Defendant's Sentence was Not Increased

¶ 39        The instant case is also distinguishable from *Castleberry* because *Castleberry* dealt with a sentence that was remanded to be increased, whereas defendant's sentence was remanded with directions to impose consecutive, as opposed to concurrent sentences. In addition to abolishing the void sentence rule, the *Castleberry* court also addressed whether an

appellate court could properly increase a defendant's sentence at the request of the State. *Castleberry*, 2015 IL 116916, ¶ 20. At issue was the trial court's failure to impose the mandatory 15-year sentencing enhancement where the defendant committed the crimes while armed with a firearm. *Castleberry*, 2015 IL 116916, ¶ 3. Specifically, the *Castleberry* defendant was convicted of two counts of aggravated criminal sexual assault based on separate sexual acts with the victim. *Castleberry*, 2015 IL 116916, ¶ 3. The State argued at sentencing that the defendant was subject to a mandatory 15-year firearm enhancement on each of the two counts, but the trial court disagreed and sentenced the defendant to consecutive terms of 9 years' imprisonment, with the 15-year firearm enhancement added to only one of the counts. *Castleberry*, 2015 IL 116916, ¶¶ 3-4.

¶ 40 The defendant appealed, arguing jury selection errors and that the 15-year sentencing enhancement was unconstitutional and should not have been added to his sentence. *Castleberry*, 2015 IL 116916, ¶ 5. The appellate court rejected these arguments, found no error in applying the sentencing enhancement, but remanded for the trial court to add the 15-year sentencing enhancement to the sentence for each of the two counts on which the defendant was convicted. *Castleberry*, 2015 IL 116916, ¶¶ 5-6. The appellate court, therefore, effectively increased the defendant's sentence because it was initially a total term of 33 years' incarceration. *Castleberry*, 2015 IL 116916, ¶ 4. Each count was subject to a mandatory minimum term of 6 years' imprisonment. *Castleberry*, 2015 IL 116916, ¶ 3. Therefore, at a minimum, the new sentence would be two terms of 6 years' imprisonment plus the addition of two 15-year firearm enhancements, for a minimum of 42 years' imprisonment.

¶ 41    In contrast to *Castleberry*, defendant in the case at bar was not subject to an increased sentence on resentencing. As noted, defendant was originally sentenced on his conviction of two counts of attempted murder to two terms of 20 years' imprisonment, to be served concurrently. On remand, the trial court sentenced defendant to two terms of 15 years' imprisonment, to be served consecutively. Defendant contends that this sentence is actually an increase in his sentence because the time he must serve is now 30 years rather than 20 years.

¶ 42    We disagree with defendant's contention that the trial court imposed a harsher sentence on remand. While the time defendant will be incarcerated has increased, the term to which he was sentenced has, in fact, decreased from 40 to 30 years. And it is the term of years he is required to serve—rather than the manner in which those years are to be served—that is relevant to our evaluation of whether the trial court imposed a more severe sentence on remand. See *People v. Carney*, 196 Ill. 2d 518, 529-30 (2001) ("[C]onsecutive sentences constitute separate sentences for each crime of which a defendant has been convicted." Thus, "consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense. Each conviction results in a discrete sentence that must be treated individually.").

¶ 43    In *Carney*, our supreme court held that a trial court's imposition of mandatory consecutive sentences under section 5-8-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(a) (West 1996)) did not violate the defendant's due process rights under the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Carney*, 196 Ill. 2d at 531. In so holding, our supreme court reaffirmed the longstanding rule that consecutive sentences constitute separate sentences for each crime of which a defendant

has been convicted, and cannot be combined as though they were one sentence for one offense. *Carney*, 196 Ill. 2d at 529-30. The court specifically held that a defendant subject to consecutive sentencing "is not exposed to punishment beyond that authorized by the jury's verdict, provided that the sentence for each separate offense does not exceed the maximum permitted by statute for that offense." *Carney*, 196 Ill. 2d at 532. The court explained this is because consecutive sentencing "determines only the manner in which a defendant will serve his sentences for multiple offenses." *Carney*, 196 Ill. 2d at 532. Accordingly, even when subject to consecutive sentencing, "[e]ach conviction results in a discrete sentence that must be treated individually." *Carney*, 196 Ill. 2d at 530; accord *People v. Sanders*, 356 Ill. App. 3d 998 (2005); *People v. Moore*, 359 Ill. App. 3d 1090 (2005).

¶ 44        In *Sanders*, a case similar to the one at bar, the defendant was initially sentenced to three concurrent 25-year terms then, after appeal and remand, was resentenced to three consecutive 10-year terms. He challenged his sentence. On appeal, this court affirmed, holding that although the defendant may serve a longer aggregate sentence upon remand, a 10-year term for each individual conviction is less than the previous 25-year term for each conviction. *Sanders*, 356 Ill. App. 3d at 1002. Specifically, the defendant argued on appeal that the new sentence required him to serve five years longer than the sentence imposed upon his first resentencing. *Sanders*, 356 Ill. App. 3d at 1003. We concluded as follows:

>        "Here, defendant's individual sentence for each specific conviction was not
> increased. Upon his first resentencing, defendant was sentenced to 25 years for
> each individual conviction. Upon his second resentencing, he was given 10 years
> for each individual conviction. Clearly, 10 is not greater than 25. The fact that
> defendant may now be in prison for 30 years (rather than 25 ***) is of no

consequence *** since the three sentences cannot be added together to form one sentence.

Accordingly, we find that the trial court did not increase defendant's sentences upon his second resentencing." *Sanders*, 356 Ill. App. 3d at 1005.

¶ 45     Applying the longstanding rule that consecutive sentencing determines only the manner in which the defendant will serve the sentence here, we must consider defendant's sentences as individual sentences, that is, we are obliged to consider defendant's original sentence as composed of two separate sentences of 20 years each, and defendant's sentence upon resentencing as composed of two separate sentences of 15 years each.  Under this analysis, defendant's sentence was actually decreased rather than increased, as the total original sentence was 40 years, and the total sentence upon resentencing is 30 years.

¶ 46                            3.  Illinois Supreme Court Rules 604 and 615

¶ 47     Defendant also argues that Illinois Supreme Court Rule 604(a) (eff. July 1, 2006)) and Rule 615(b)(4) (eff. Jan. 1, 1967) prohibited this court's review of his original concurrent sentences on direct appeal.  As noted previously, however, this court's order on defendant's original direct appeal is the law of the case.  Therefore, we need not address defendant's arguments under Rules 604(a) and 615(b)(4), as those arguments are only directed to the propriety of the original remand order.

¶ 48                            4.  Ineffective Assistance of Trial Counsel

¶ 49     Defendant also contends that, in lieu of plain error review, we should review this claim as an ineffective assistance of counsel claim because, he claims, his trial counsel provided ineffective assistance by failing to include the issue in his written motion to reconsider the sentence.  To establish a claim of ineffective assistance of counsel, a defendant must show

that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *People v. Palmer*, 162 Ill. 2d 465, 475 (1994). Defendant's ineffective assistance claim based on this issue fails because, having failed to file a petition for rehearing or seek further review in the supreme court, defense counsel on remand was not in the position to raise any error in the original remand order.

¶ 50                    II. Is Defendant's Sentence Excessive?

¶ 51        Defendant next contends the court abused its discretion in sentencing him to two consecutive 15-year terms of incarceration. Specifically, defendant argues that the court violated his due process rights by increasing his "aggregate sentence" without stating the reasons behind the increase. Defendant also argues that the sentence he received was excessive and urges us to remand this cause for resentencing with a "20-year sentencing cap."

¶ 52        Defendant, relying on *North Carolina v. Pearce*, 395 U.S. 711 (1969), which was adopted by our supreme court in *People v. Baze*, 43 Ill. 2d 298 (1969), and codified in section 5-5-4(a) of the Code (730 ILCS 5/5-5-4(a) (West 2012)), contends that when his original sentence was vacated on direct review, the trial court was prohibited from imposing a more severe sentence on remand and that in doing so, the trial court displayed vindictiveness, which inference can only be overcome by a showing that the greater sentence was imposed based on conduct on the part of defendant after the time of the original sentencing proceeding. *Pearce* created the following requirement:

> "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the

part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Pearce*, 395 U.S. at 726.

This rule was later limited by *Alabama v. Smith*, 490 U.S. 794, 799 (1989), such that whenever a court that imposes a more severe sentence upon a defendant after a new trial in which the circumstances are such that there is a reasonable likelihood that an increase in sentence is the product of actual judicial vindictiveness to affirmatively state the reasons for the increase. *Alabama*, 490 U.S. at 799. Defendant's argument here fails because it relies on his sentence having been increased upon remand for resentencing. As discussed above, his sentence was not increased but was, in fact, decreased. See *People v. Phelps*, 211 Ill. 2d 14; *Carney*, 196 Ill. 2d at 532; *Moore*, 177 Ill. 2d at 436; *Sanders*, 356 Ill. App. 3d at 1005.

¶ 53     In the alternative, defendant argues that if we find *Pearce* inapplicable, then his sentences should nonetheless be vacated as excessive. In this regard, defendant urges us to remand the matter to the trial court for resentencing to impose "appropriate consecutive sentences" with an aggregate sentence cap of 20 years' incarceration. He arrives at this number by considering what he thinks was his original sentence, that is, 20 years' incarceration. Defendant refers to this as "the original amount of time imposed by the trial court." We understand defendant's frustration that he believed himself to be sentenced to 20 years' incarceration because two sentences of 20 years' incarceration is served, effectively, as 20 years in prison, but upon resentencing, he is now sentenced to 30 years' incarceration. His argument in this regard is unavailing, however, as his original sentence, though unauthorized, was not a sentence of 20 years' incarceration. Instead, it was a total sentence

of 40 years' incarceration comprised of two sentences of 20 years' incarceration that were erroneously ordered to be served concurrently. See, *e.g.*, *People v. Phelps*, 211 Ill. 2d 1, 14 (2004) (" '[e]ach conviction results in a discrete sentence that must be treated individually' " (emphasis omitted)) (quoting *Carney*, 196 Ill. 2d at 530); *Carney*, 196 Ill. 2d at 532; *Moore*, 177 Ill. 2d at 436; *Sanders*, 356 Ill. App. 3d at 1005. Defendant's argument, therefore, is unpersuasive.

¶ 54    Defendant next argues his sentence was excessive, and that his good behavior while incarcerated should have merited a lesser sentence upon resentencing. We disagree.

¶ 55    A trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference. *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). That is because the trial judge, having observed the defendant and the proceedings, is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age than the reviewing court, which must rely on the cold record on appeal. *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010); *People v. Fern*, 189 Ill. 2d 48, 53 (1999). Where the sentence chosen by the trial court is within the statutory range permissible for the pertinent criminal offense for which the defendant has been tried and charged, a reviewing court may only disturb the sentence if the trial court abused its discretion in the sentence it imposed. *People v. Jones*, 168 Ill. 2d 367, 374 (1995). An abuse of discretion will only be found where "the sentence is 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Alexander*, 239 Ill. 2d at 212 (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). Where mitigating evidence is presented to the trial court, it is presumed, absent some indication other than the sentence itself to the contrary, that the court considered it. *People v. Benford*,

349 Ill. App. 3d 721, 735 (2004); *People v. Burton*, 184 Ill. 2d 1, 34 (1998). When determining the propriety of a particular sentence, we cannot substitute our judgment for that of the trial court simply because we would weigh the sentencing factors differently. *Fern*, 189 Ill. 2d at 53.

¶ 56     Here, upon remand for resentencing, the trial court ordered a new presentence investigation report and conducted a new sentencing hearing. At the hearing, the trial court heard evidence in mitigation and aggravation, including mitigation evidence regarding the many ways in which defendant had improved himself while incarcerated and, in aggravation, the harm defendant had inflicted upon the victims when committing this crime. The State asked for a sentence of 20 years' incarceration for each conviction, to be served consecutively, for a total of 40 years' incarceration. The defense argued that, because defendant's original sentence was two concurrent terms of 20 years' incarceration to be served at 85%, the court's real intent was to have defendant serve only 17 years in prison and, therefore, the court on resentencing should start with two 10-year terms, served consecutively at 85% as the upper limit of its sentence calculations. Ultimately, the defense asked the court to sentence defendant to the minimum allowable sentence of two consecutive terms of six years' incarceration each. The court stated:

> "THE COURT: I am looking at all the information. The case was remanded back to me for a new sentencing hearing based upon the fact that you should have been sentenced to consecutive sentences rather than concurrent, which you initially did.
>
> Looking at all the information contained in the presentence investigation report I find that your prior history of criminal behavior is as stated in the

presentence investigation report. Also that there was serious harm inflicted in this case to each of the victims concerned herein. Also I am considering the information provided by your attorney from your stay in the Illinois Department of Corrections in the interim process as well.

Based on all those factors I just enumerated, on Counts 1 and 2 I am going to sentence you to a term of 15 years in the Illinois Department of Corrections. The sentence is to be served consecutively or one right after the other. Your sentence does include three years mandatory supervised release. It's an 85 percent sentence as well."

The court clarified that the sentence was two consecutive terms of 15 years' incarceration.

¶ 57 Attempted first degree murder is sentenced as a Class X felony. See 720 ILCS 5/8-4(c)(1) (West 2005). The sentencing range for a Class X felony is 6 to 30 years in prison. See 730 ILCS 5/5-8-1(a)(3) (West 2005). On each of the two counts of attempted murder for which defendant was convicted, defendant received 15 years, which is at the mid-point of the sentencing range. The court was required to order the sentences to be served consecutively. 730 ILCS 5/5-8-4(a)(i) (West 2005) ("The court shall impose consecutive sentences if: (i) one of the offenses for which defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury***"). Defendant was sentenced to two consecutive terms of 15 years' imprisonment.

¶ 58 Based on this record, which establishes that the trial court reviewed defendant's presentence investigation report, considered appropriate mitigating and aggravating factors, and sentenced defendant to a term within the permissible sentencing range, we find that the trial court did not abuse its discretion. We affirm defendant's sentence.

¶ 59                                     CONCLUSION

¶ 60          For all of the foregoing reasons, the decision of the circuit court of Cook County is affirmed.

¶ 61          Affirmed.