# Illinois Official Reports

## Appellate Court

---

### *People v. Douglas*, 2017 IL App (4th) 120617-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAMERE L. DOUGLAS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0617 |
| Filed | July 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 08-CF-1917; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Jacqueline L. Bullard, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia R. Rietz, State's Attorney, of Urbana (Patrick J. Delfino, David J. Robinson, and Allison P. Brooks, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion.<br>Justices Harris and Holder White concurred in the judgment and opinion. |

¶ 1    In March 2009, defendant, Shamere L. Douglas, pleaded guilty to the offense of aggravated battery. In April 2009, the trial court sentenced him to 10 years in prison. On direct appeal, this court affirmed in part, vacated in part, and remanded with directions to amend the sentencing judgment to eliminate credit for time served that was awarded in error. *People v. Douglas*, 2011 IL App (4th) 100368-U. In March 2012, defendant filed a *pro se* petition for postconviction relief, which the trial court dismissed after finding it frivolous and patently without merit. In July 2014, this court affirmed the summary dismissal of defendant's postconviction petition but vacated his Class X sentence and remanded with directions to resentence defendant to a term between 3 and 10 years in prison. *People v. Douglas*, 2014 IL App (4th) 120617, 13 N.E.3d 390. The State filed a petition for leave to appeal with the Supreme Court of Illinois.

¶ 2    On March 29, 2017, the supreme court denied the State's petition for leave to appeal but issued a supervisory order (*People v. Douglas*, No. 118184 (Ill. Mar. 29, 2017) (nonprecedential supervisory order on denial of petition for leave to appeal)) directing this court to vacate our prior judgment and reconsider our decision in light of *People v. Castleberry*, 2015 IL 116916, 43 N.E.3d 932, *People v. Price*, 2016 IL 118613, and *People v. Smith*, 2016 IL 119659.

¶ 3    In accordance with the supreme court's directive, we vacate our earlier judgment. After reconsidering this case in light of *Castleberry*, *Price*, and *Smith*, we find a different result is warranted. Accordingly, we now affirm.

¶ 4                                   I. BACKGROUND

¶ 5    In October 2008, a grand jury indicted defendant on single counts of unlawful possession with intent to deliver a controlled substance, a Class 1 felony (720 ILCS 570/401(c)(2) (West 2008)); aggravated battery, a Class 2 felony (720 ILCS 5/12-4(b)(18), (e)(2) (West 2008)); and resisting a peace officer, a Class 4 felony (720 ILCS 5/31-1(a-7) (West 2008)). Because of defendant's prior convictions, he was subject to Class X sentencing pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-5-3(c)(8) (West 2008) (now 730 ILCS 5/5-4.5-95 (West 2012))), so long as he met the other qualifying factors of the statute.

¶ 6    In March 2009, defendant and the State entered into a negotiated plea agreement. Defendant agreed to plead guilty to aggravated battery, and the State agreed to dismiss the remaining two charges and cap its sentencing recommendation at 10 years in prison. In April 2009, the trial court sentenced defendant to 10 years in prison, to be served consecutively with his sentence in Champaign County case No. 07-CF-2074. In May 2009, defendant filed a *pro se* motion for a reduction of sentence, which the trial court denied.

¶ 7    Defendant appealed, arguing he was entitled to a $5-per-day credit against his fines. In January 2011, this court found the trial court erred by awarding defendant 188 days of sentence credit, remanded with directions, and otherwise affirmed defendant's conviction and sentence. *Douglas*, 2011 IL App (4th) 100368-U.

¶ 8    In March 2012, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-8 (West 2012)). Defendant

argued (1) he was denied the effective assistance of counsel, (2) section 5-5-3(c)(8) of the Corrections Code was unconstitutional because it disproportionately punished Class 2 offenders, and (3) his consecutive sentence was void. On June 5, 2012, the trial court dismissed the petition, finding the claims raised by defendant were frivolous and patently without merit. On the same day, the court sent a letter to the warden of the prison where defendant was incarcerated, informing the warden of the court's finding and pointing specifically to section 3-6-3(d) of the Corrections Code (730 ILCS 5/3-6-3(d) (West 2012)). The letter stated: "Enclosed please find an Order on a Petition for Post-Judgment Relief which was determined to be frivolous and patently without merit. I am informing you of this pursuant to 730 ILS 5/3-6-3(d) [*sic*] with regard to the inmate's good conduct credits."

¶ 9     This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11     The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 12     The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. Here, defendant's petition was dismissed at the first stage. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold," requiring the petition to contain only "a limited amount of detail." *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Our supreme court has held "a *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful, factual allegation or is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. "In considering a petition pursuant to [section 122-2.1 of the Act], the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2012); see also *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

¶ 13     On appeal, defendant argues his Class X sentence, pursuant to section 5-5-3(c)(8) of the Corrections Code (730 ILCS 5/5-5-3(c)(8) (West 2008)), is void because he was only 20 years old at the time he committed the offense and was charged. Defendant argues, in the alternative, his sentence is void because section 5-5-3(c)(8) is unconstitutional as applied to defendants

who are under 21 years old at the time of an offense, violating the *ex post facto*, due process, and equal protection clauses of the Illinois and United States Constitutions.

¶ 14    Defendant did not raise these issues in his postconviction petition. He acknowledges claims cannot be raised for the first time on appeal from postconviction proceedings. *People v. Jones*, 213 Ill. 2d 498, 505, 821 N.E.2d 1093, 1097 (2004). However, defendant urges a void judgment may be attacked at any time. See *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995) ("A sentence which does not conform to a statutory requirement is void," and the appellate court may correct a void sentence at anytime.).

¶ 15    We note, after we issued our initial decision in this case, our supreme court issued *Castleberry* on November 19, 2015, in which it abolished the void sentence rule established in *Arna*. The *Castleberry* court held a sentence is not void, but merely voidable, where it does not conform to a statutory requirement and was entered by a court with jurisdiction. *Castleberry*, 2015 IL 116916, ¶ 19, 43 N.E.3d 932. Thus, whether defendant has forfeited these issues depends on whether *Castleberry* applies to him.

¶ 16    More recently, our supreme court issued *Price*. In *Price*, the defendant's section 2-1401 (735 ILCS 5/2-1401 (West 2010)) petition, challenging his conviction as void, was pending in the appellate court when *Castleberry* was decided. *Price*, 2016 IL 118613, ¶ 27. The *Price* court explained *Castleberry* established a sentence that does not conform to statute is merely voidable, not void, and therefore subject to procedural rules and restraints such as forfeiture. *Price*, 2016 IL 118613, ¶ 17. The court stated, "a defendant may no longer rely on the void sentence rule to overcome forfeiture of a claimed sentencing error or to challenge a statutorily nonconforming sentence in perpetuity." *Price*, 2016 IL 118613, ¶ 17. The court found "*Castleberry* applies not only to the parties in that case but also prospectively." *Price*, 2016 IL 118613, ¶ 27. The court held, as the defendant's section 2-1401 petition was pending in the appellate court when *Castleberry* was announced, the general rule of retroactivity applied, *i.e.*, the court's "decisions apply to 'all cases that are pending when the decision is announced, unless this court directs otherwise.'" *Price*, 2016 IL 118613, ¶ 27 (quoting *People v. Granados*, 172 Ill. 2d 358, 365, 666 N.E.2d 1191, 1194 (1996)). As the court did not limit the reach of *Castleberry* and the defendant offered no reason against applying it, the court held the void sentence rule did not apply to overcome the untimely filing of the defendant's petition in *Price*. *Price*, 2016 IL 118613, ¶ 35. See also *People v. Williams*, 2017 IL App (1st) 123357-B, 73 N.E.3d 555 (holding the trial court's order improperly dismissing the defendant's postconviction petition outside the statutory 90-day window was merely voidable, not void, and therefore not subject to collateral attack pursuant to *Castleberry* and *Price*, where the case was pending before our supreme court when *Castleberry* was decided).

¶ 17    We note further, in *People v. Thompson*, 2015 IL 118151, 43 N.E.3d 984, our supreme court addressed whether constitutional challenges can be raised for the first time on appeal. There, the defendant raised an as-applied constitutional challenge to his sentence for the first time on appeal upon the denial of his section 2-1401 petition for relief from judgment. *Thompson*, 2015 IL 118151, ¶ 17, 43 N.E.3d 984. The defendant argued this claim was not subject to the traditional forfeiture doctrine because it rendered the judgment void. *Thompson*, 2015 IL 118151, ¶ 17, 43 N.E.3d 984. Our supreme court disagreed, finding judgments void only where jurisdiction is lacking or where the judgment is based on a facially unconstitutional statute, making it void *ab initio*. *Thompson*, 2015 IL 118151, ¶¶ 31-32, 34, 43 N.E.3d 984.

- 4 -

Therefore, following *Thompson*, we find defendant has forfeited his as-applied challenge to his sentence by raising it for the first time on appeal.

¶ 18    Accordingly, based on *Castleberry*, *Price*, and *Thompson*, defendant forfeited his void sentence arguments because he failed to raise them in his postconviction petition. Nevertheless, even if we were to address defendant's claims, we would conclude the trial court properly sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8).

¶ 19    Section 5-5-3(c)(8) of the Corrections Code, the statute at issue, states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." 730 ILCS 5/5-5-3(c)(8) (West 2008) (now 730 ILCS 5/5-4.5-95 (West 2012)).

¶ 20    Defendant does not dispute he had prior qualifying convictions. He was born on January 10, 1988, so he was 20 years old at the time the offense at issue was committed, was 20 years old when he was indicted, and was 21 years old at the time of his guilty plea and sentencing.

¶ 21    While the instant case was pending before our supreme court, the court issued a decision in *Smith*, 2016 IL 119659. The court held "[t]he plain language of the statute provides that a defendant must be 21 years old *when he is convicted* in order to be eligible for Class X sentencing under section 5-4.5-95(b)." (Emphasis added.) *Smith*, 2016 IL 119659, ¶ 31. Here, defendant was 21 years old both when he pleaded guilty and when he was sentenced. Accordingly, based on *Smith*, the trial court properly sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8).

¶ 22    Defendant next argues the trial court erred in providing the warden of the prison where defendant was incarcerated the order finding his postconviction petition frivolous. Section 3-6-3(d) provides, in pertinent part:

"If a lawsuit is filed by a prisoner *** against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of sentence credit by bringing charges against the prisoner sought to be deprived of the sentence credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code. ***

* * *

(2) 'Lawsuit' means *** a second or subsequent petition for post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963 whether filed with or without leave of court or a second or subsequent petition for relief from judgment under Section 2-1401 of the Code of Civil Procedure." 730 ILCS 5/3-6-3(d) (West 2012).

¶ 23    Defendant is correct, a first postconviction petition is not included in the definition of a "lawsuit" under section 3-6-3(d)(2) of the Corrections Code (730 ILCS 5/3-6-3(d)(2) (West 2012)). However, this is an argument he can present to the Department of Corrections (DOC) if it initiates a hearing pursuant to section 3-6-3(d)(2) of the Corrections Code. 730 ILCS 5/3-6-3(d)(2) (West 2012). Nothing in the record before us indicates DOC initiated a disciplinary proceeding against defendant to revoke good conduct credit. In any event, challenges to DOC's revocation of good conduct credit should be brought in an action against DOC, not an appeal from the dismissal of a postconviction petition.

¶ 24    We decline to rule on defendant's argument. Defendant appealed only from the dismissal of his postconviction petition and did not raise this issue in his petition. Further, the record in this case does not establish DOC took any action against defendant as a result of this letter. As a result, this is a potentially moot issue.

¶ 25    As we have found defendant's claims forfeited or not properly before us, we find no further discussion on the merits is warranted.

¶ 26                                   III. CONCLUSION

¶ 27    For the reasons stated, we affirm the dismissal of defendant's postconviction petition and affirm his conviction and sentence of aggravated battery.

¶ 28    Affirmed.