# Illinois Official Reports

## Appellate Court

---

*People v. Miller*, 2019 IL App (1st) 161687

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRYAN MILLER, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>No. 1-16-1687 |
| Filed | June 27, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-9698; the Hon. Alfredo Maldonado, Judge, presiding. |
| Judgment | Vacated second sentence; reinstated original sentence. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Jessica D. Ware, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Christine Cook, and Jonathan Huff, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice McBride and Justice Reyes concurred in the judgment and opinion. |

¶ 1 Defendant, Bryan Miller, was convicted after a bench trial of armed robbery and sentenced initially to nine years with the Illinois Department of Corrections (IDOC). On November 27, 2012, defendant petitioned for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)), on the ground that IDOC had impermissibly added a three-year mandatory supervised release (MSR) term to his sentence. The trial court denied his petition, and defendant appealed. On appeal, the State argued that defendant's sentence was void because the trial court had not imposed a 15-year firearm enhancement to defendant's sentence. This court affirmed the trial court's denial of defendant's section 2-1401 petition but agreed with the State that defendant's sentence was void and remanded, based on the void sentence rule set forth in *People v. Arna*, 168 Ill. 2d 107, 112-13 (1995), for resentencing. *People v. Miller*, 2014 IL App (1st) 130721-U.

¶ 2 After remand but before resentencing, the Illinois Supreme Court "abolished" the *Arna* void sentencing rule, on which our prior Rule 23 order had been based. See *People v. Castleberry*, 2015 IL 116916, ¶ 1. Although defendant argued to the trial court prior to resentencing that his case should now be dismissed, the trial court sentenced him on May 3, 2016, to 9 years, plus a 15-year firearm enhancement, for a total of 24 years with IDOC. Defendant filed a motion to reconsider this sentence, which was denied, and defendant now appeals his 24-year sentence.

¶ 3                                                   BACKGROUND

¶ 4 Since defendant does not challenge the sufficiency of the evidence against him or the admission of any exhibit or testimony at trial, we provide here only a summary of the facts established at trial.

¶ 5 Defendant was convicted after a bench trial of armed robbery. The evidence at trial established that defendant and the victim had a prior dispute; that the victim's wife was also defendant's former girlfriend; that, on April 20, 2008, defendant held a gun to the victim's head while another person removed $50 from the victim's pocket; that defendant stated to bystanders "[s]omebody take this car," referring to the victim's vehicle; that two teenagers, whom defendant did not know, took the victim's vehicle; and that the victim flagged down a police officer, who subsequently curbed the stolen vehicle. The trial court found defendant guilty of the armed robbery of $50 and not guilty of vehicular hijacking.

¶ 6 Since the purely legal question before us concerns the process leading up to his subsequent resentencing, we provide in detail the procedural history of this case, as well as the dates of the decisions that affected it.

¶ 7 At defendant's original sentencing on June 9, 2009, the victim addressed the trial court in person and asked the court to give defendant only probation. However, defense counsel observed that the applicable sentencing range was 6 to 30 years. After considering factors in aggravation and mitigation, the trial court sentenced defendant to nine years with IDOC. Defendant filed a notice of appeal but subsequently filed a motion to dismiss the appeal, which was granted on August 19, 2010. On November 27, 2012, defendant, who was represented by counsel, filed a section 2-1401 petition arguing that his three-year MSR term was void because, although the trial court had not mentioned it at sentencing or in the mittimus, IDOC had

impermissibly "added a three year term of MSR which started on or about May 14, 2012." On January 28, 2013, the trial court denied his section 2-1401 petition, and defendant filed a timely notice of appeal on February 25, 2013.

¶ 8 On appeal, the State argued both that defendant's petition was properly denied and that his 9-year sentence for armed robbery was void because it did not include a 15-year firearm enhancement, as required by section 18-2(a)(2) of the Criminal Code of 1961 (720 ILCS 5/18-2(a)(2) (West 2008)). *Miller*, 2014 IL App (1st) 130721-U, ¶ 11.

¶ 9 In response, defendant filed a motion to withdraw his appeal, observing that he had already "completed his sentence" on December 20, 2013. Defendant argued that the matter was now moot since the relief that he had requested, *i.e.*, elimination of his MSR term, was no longer available. Defendant also argued that the State had failed to file a cross-appeal.

¶ 10 In its response to defendant's motion, the State agreed that defendant was "discharged" by IDOC for this offense on December 20, 2013, but argued that a sentence that does not include the statutorily required 15-year enhancement is void and may be corrected at any time. The State further argued that, "[s]ince this Court is still able to grant effectual relief," namely, the 15-year enhancement sought by the State, "the appeal currently pending is not moot."

¶ 11 This court denied defendant's motion to withdraw his appeal, and in his reply brief, defendant argued that, "while there is language saying if the sentence is void it can be corrected at any time," defendant could "find no case where the sentence was served completely" and relief was granted.

¶ 12 Defendant also argued that the concept of void judgments encompasses only a lack of jurisdiction or authority—an argument that our supreme court later adopted. *People v. Price*, 2016 IL 118613, ¶¶ 17, 27; *Castleberry*, 2015 IL 116916, ¶¶ 1, 11-12. The supreme court in *Castleberry* also agreed that the State could not seek to correct a sentence without first filing for a writ of *mandamus*. *Price*, 2016 IL 118613, ¶ 17 (discussing *Castleberry*).

¶ 13 However, *Castleberry* and *Price* were not yet decided, and relying on *Arna*, 168 Ill. 2d at 112-13, this court rejected his arguments. Relying on *Arna*, our Rule 23 order stated that, "where a sentence does not conform to a statutory requirement, such as the firearm sentencing add-on, it is void, and the appellate court may correct it at any time." *Miller*, 2014 IL App (1st) 130721-U, ¶ 16. In *Arna*, the appellate court had *sua sponte* ordered the imposition of statutorily required consecutive sentences, and the supreme court had affirmed, finding that the appellate court had the authority to do so because the trial court's order imposing concurrent terms was void and that the appellate court's action was "not barred by our rules which limit the State's right to appeal." *Arna*, 168 Ill. 2d at 113.

¶ 14 In addition, our Rule 23 order found that, although the validity of a sentence becomes moot once it is served, a sentence is not served until the completion of the MSR term.[1] *Miller*, 2014 IL App (1st) 130721-U, ¶ 15. We found that: "According to the record, the term of the three-year MSR in the instant case began on May 14, 2012, *meaning* that it will not be completed until 2015." (Emphasis added.) *Miller*, 2014 IL App (1st) 130721-U, ¶ 15.[2]

---

[1]This was not an argument made by the State.

[2]However, defendant claimed in his motion to reconsider sentence, filed on May 13, 2016, that his MSR for this offense terminated on December 20, 2013, eight months before this court issued its opinion. See 730 ILCS 5/3-3-8(b) (West 2008) (the Prisoner Review Board has the discretion to discharge a defendant early from MSR).

¶ 15    Our Rule 23 order was entered on August 29, 2014, and on September 5, 2014, defendant filed a petition for rehearing, stating in relevant part:

> "The court found that [defendant] had not completed his sentence because his three-year Mandatory Supervised Release ('MSR') began May 14, 2012, 'meaning that it will not be completed until 2015.' (Order at P. 15).
>
> While that would have been true if [defendant] had remained at liberty for his MSR, [defendant] had his MSR revoked and was sent back to IDOC to complete his MSR for 08 CR 9696 on July 30, 2012. [Citation.] Because [defendant] was in custody he was granted good time credit making his actual complete sentence in 08 CR 9608, including the MSR, end December 20, 2013."

¶ 16    Defendant's petition for rehearing was denied on October 10, 2014. On November 19, 2015, our supreme court "abolish[ed] the rule" in *Arna* on which we had relied. *Castleberry*, 2015 IL 116916, ¶ 1. In *Castleberry*, as in the case at bar, the State had argued, and the appellate court had found, that a sentence was void because the trial court had not imposed a statutorily required 15-year firearm enhancement and, thus, a remand for resentencing was necessary. *Castleberry*, 2015 IL 116916, ¶ 6. However, unlike our case, the State conceded before the Illinois Supreme Court in *Castleberry* that the void sentence rule was no longer valid, based on cases decided in the intervening 20 years since *Arna*, such as *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), and *LVNV Funding, LLC v. Trice*, 2015 IL 116129. See *Castleberry*, 2015 IL 116916, ¶¶ 16-17. The supreme court also observed in *Castleberry* that the State's "*de facto* cross-appeal" challenging the defendant's sentence was "impermissible" (*Castleberry*, 2015 IL 116916, ¶ 23) and that Illinois Supreme Court Rule 604(a) (eff. July 1, 2006)[3] does not permit the State to appeal a sentencing order (*Castleberry*, 2015 IL 116916, ¶ 21).

¶ 17    After the remand, defendant appeared *pro se* before the trial court on March 18, 2015. When asked where his lawyer was, he replied: "I don't even know what I'm here for actually." When the trial court informed him of the remand, he replied: "I finished the time on that case." The matter was then continued.

¶ 18    On May 26, 2015, defense counsel and the trial court had the following colloquy concerning whether his MSR period had run prior to the appellate court's Rule 23 order:

> "DEFENSE COUNSEL: Well, we still have a problem where his sentence has already been served.
>
> ***
>
> THE COURT: Okay. The issue if, in fact, he served his [sentence] can he be resentenced.
>
> DEFENSE COUNSEL: That's correct. *** Which the Appellate Court sort of skirted by because they said he's still on MSR, it says right on th[eir] website from some date that they don't specify. But at the time you actually know he was not still serving his sentence because he was remanded back to here. And in the new case when he was picked up which is why you still have custody, the ability to writ him in, he was here from Cook County *** [U]nfortunately[,] apparently the Appellate Court doesn't

---

[3]This was the effective date given by the supreme court in *Castleberry*.

understand that once he's doing the MSR in custody he got good time credit, so his 3 years only took him a year and a half. \*\*\* So I'm making I guess an oral motion now that we have proof other than web sites and my statement \*\*\*."

The trial court then gave the State time to respond to defendant's oral motion.

¶ 19 On July 15, 2015, the parties appeared in court, and defense counsel observed that the State no longer intended to file a response to defendant's oral motion. Defense counsel asked for more time, arguing: "the Appellate Court had a factual basis that they enunciated that was incorrect, and I don't know how you fix the Appellate Court after they've issued the mandate." Defense counsel argued that this issue affected the trial court "if their basis for saying [the trial court] had jurisdiction is incorrect." The case was then continued.

¶ 20 On December 8, 2015, defense counsel argued that there was an *Apprendi* issue, and observed that neither the parties nor the State had mentioned the 15-year sentencing enhancement during the original proceeding. See *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court responded: "I didn't mention the 15 years because I didn't impose it."[4]

¶ 21 Prior to the next court date, on February 1, 2016, the original trial judge retired, so the parties appeared before a different judge. At that time, defense counsel observed that the Illinois Supreme Court had abolished the void sentence rule in *Arna* and that defendant had completely served his sentence in this case, as well as in another case, and, thus, would need to be released if the trial court did not resentence him.

¶ 22 On April 5, 2016, defendant had not yet been resentenced, and he filed a motion with the trial court to dismiss the proceedings based on *Castleberry*. Through his counsel, defendant argued:

"6. Fortunately for [defendant], his case does not in fact involve retroactivity because he has not in fact been resentenced.

7. When a matter has been remanded for re-sentencing, the case is not final until the new sentence has been pronounced. *People v. Lyles*, 208 Ill. App. 3d 370, 375 (1st Dist. 1990).

7. [*sic*] The law of the case does not apply because there is an exception where the Illinois Supreme Court makes a contrary ruling on the precise issues of law on which the remand relied. *Lyles*, *supra*, 208 Ill. App. 3d at 376.

8. Since [defendant] raises exactly the same issues that *Castleberry* did, the State is therefore restricted to filing a petition for mandamus to correct if it can when the sentence has already been completed.

9. [Defendant] has completed the sentence in the cause as well as for a subsequent conviction and should have been released in January 2016."

¶ 23 On April 27, 2016, the parties appeared in court and defense counsel stated that defendant was moving to dismiss the proceedings based on both *Apprendi* and *Castleberry*. Defendant indicated that he also wanted to address the court, which the court permitted, and defendant asked: "What is the rule if the appellate mandate come down after a sentence has been discharged?" The trial court then ruled that the resentencing would go forward, stating: "You may well be right and the Appellate Court may ultimately say that you are correct. \*\*\* But

---

[4]On January 19, 2016, defendant filed a written motion to dismiss the proceedings on the ground that imposing the 15-year enhancement violated *Apprendi*.

*** it is not for me to disregard the remand no matter how much I may disagree with it. Or the inequity of the situation that [defendant] finds himself in."

¶ 24      At the sentencing hearing on May 3, 2016, the trial court reiterated that "the Defense's position [may] be ultimately found to be the correct one, but I believe that is for the Appellate Court to make that determination on the issue of the law of the case issue that I think the Defense has raised." After considering factors in aggravation and mitigation, the trial court stated that it "resentence[d]" defendant to "the nine year term that he was sentenced to, and following the mandate I am going to add on the 15 year enhancement," for a total of 24 years with IDOC, plus a 2-year MSR, and a credit of 2994 days of time served.

¶ 25      On May 13, 2016, defendant filed a written motion to reconsider sentence based on (1) *Apprendi*, (2) *Castleberry*, and (3) the fact that he had already served the MSR term for this offense by December 20, 2013, which was "prior to the issuance of the mandate" by the appellate court. After the trial court denied the motion to reconsider, defendant filed a timely notice of appeal on June 1, 2016, and this appeal followed. Appellate briefing was completed on May 24, 2019.

¶ 26                                  ANALYSIS

¶ 27      On appeal, defendant argues that, pursuant to the Illinois Supreme Court's finding in *Castleberry*, he should not have been resentenced. Both parties maintain that the standard of review on this purely legal issue is *de novo*, and that is correct, particularly where, as here, the trial court repeatedly stated that it was "for the Appellate Court" to make this determination. See, *e.g.*, *People v. Wheeler*, 226 Ill. 2d 92, 121 (2007) (a purely "legal issue" is one that "this court reviews *de novo*"); *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007) (where the trial court "did not conduct an evidentiary hearing" or "make any findings of fact," and "relied on the parties' oral argument and the record," "we review the court's ruling on this issue *de novo*"). *De novo* consideration means that we owe no deference to the trial court's ruling, and we perform the same analysis that a trial judge would perform. *People v. Jones*, 2016 IL App (1st) 123371, ¶¶ 75-76.

¶ 28      We find that the Illinois Supreme Court's decision in *Price* governs the outcome of the case here. In *Price*, the defendant filed a section 2-1401 petition, arguing that the two-year limitation on section 2-1401 petitions did not apply because his sentence was void. *Price*, 2016 IL 118613, ¶ 1. The appellate court agreed and remanded for resentencing. *Price*, 2016 IL 118613, ¶ 6. However, before resentencing occurred, the Illinois Supreme Court allowed the State's petition for leave to appeal. *Price*, 2016 IL 118613, ¶ 7. After the State filed its initial brief, *Castleberry* was decided. *Price*, 2016 IL 118613, ¶ 8. The *Price* defendant then argued that the State had forfeited any arguments that his petition was untimely. *Price*, 2016 IL 118613, ¶ 12.

¶ 29      The Illinois Supreme Court disagreed, finding that the issue was "not simply" whether his sentence was void and his petition, thereby, timely or not—"an issue the State pursued in the courts below"—but specifically whether the petition was untimely under *Castleberry*. *Price*, 2016 IL 118613, ¶ 12. The supreme court found that "[t]he State could not have addressed that question until *Castleberry* was decided." *Price*, 2016 IL 118613, ¶ 12.

¶ 30      In the case at bar, the positions of the parties are reversed. In our case, it is the State who is arguing that the original sentence was void, and it is the defense that is arguing that it is not. However, the reasoning remains the same, no matter who it favors.

¶ 31    Similar to *Price*, in the case at bar, there is no law of the case on the question of whether *Castleberry* applies to this case. This is simply not an issue that this court could have ruled on "until *Castleberry* was decided." *Price*, 2016 IL 118613, ¶ 12. The question that was before the trial court at the moment prior to resentencing—and that is before us now—is whether *Castleberry* applies, and this is not an issue that we could have ruled on until *Castleberry* was decided. Thus, our prior Rule 23 order is not, and cannot be, dispositive of this issue.

¶ 32    The supreme court in *Price* observed: "After we announced our decision in *Castleberry* abolishing the void sentence rule, this court had the discretion to order the parties to brief the impact of *Castleberry* on this case." *Price*, 2016 IL 118613, ¶ 12. Similarly, in the case at bar, after the Illinois Supreme Court announced its decision in *Castleberry*, the trial court had the discretion to hear argument and did, in fact, hear argument about the impact of *Castleberry* on this case. In both cases, the focus is on the time period prior to resentencing. Thus, the question before us, as it was in *Price*, is whether *Castleberry* permitted resentencing based on a prior appellate court order that the original sentence was void.

¶ 33    Our supreme court has already answered this question for us:

"Unquestionably, *Castleberry* applies not only to the parties in that case but also prospectively. As we recognized in [*People v.*] *Thompson*, 2015 IL 118151, ¶ 33, after our decision in *Castleberry*, it is 'no longer valid' to argue that a sentence that does not conform to a statutory requirement is void. As to defendant's case, in which his section 2-1401 petition was pending in the appellate pipeline at the time *Castleberry* was announced, we turn to our general rule of retroactivity. Under this rule, our decisions apply to 'all cases that are pending when the decision is announced, unless this court directs otherwise.' [Citations.]" *Price*, 2016 IL 118613, ¶ 27.

¶ 34    The State focuses on the words "in the appellate pipeline" to argue that when defendant's resentencing was pending pursuant to an appellate mandate, the case was no longer in the "appellate pipeline." See *Price*, 2016 IL 118613, ¶ 27. Even if we found this logic persuasive, the above quote shows that the supreme court did not stop there. It went on to say that *Castleberry* applied to all cases that are pending when the decision is announced, unless the supreme court directs otherwise. *Price*, 2016 IL 118613, ¶ 27; *People v. Williams*, 2017 IL App (1st) 123357-B, ¶ 19 (the *Price* court determined that *Castleberry* applied to "all cases that were then pending when the *Castleberry* decision was announced"). There is no question that defendant's case was still pending, as it waited for resentencing, when the *Castleberry* decision was announced. Thus, pursuant to the plain language of *Price*, *Castleberry* applied.

¶ 35    Our supreme court further found:

"In *Castleberry*, we did not limit the reach of our decision ***. Indeed, not applying *Castleberry* would thwart the very policy espoused in that decision—preserving the finality of judgments—by permitting defendants to continue to argue that a statutorily nonconforming sentence is void." *Price*, 2016 IL 118613, ¶ 28.

¶ 36    Whether it is a defendant or the State that is arguing against "a statutorily nonconforming sentence," the result is the same. See *Price*, 2016 IL 118613, ¶ 28. Our supreme court stressed that it "did not limit the reach" of *Castleberry*. *Price*, 2016 IL 118613, ¶ 28; *People v. Douglas*, 2017 IL App (4th) 120617-B, ¶ 16 (the *Price* court "did not limit the reach of *Castleberry*"). The point of the *Castleberry* decision was to favor the finality of sentences. *Price*, 2016 IL 118613, ¶ 28. At the moment prior to resentencing, when the trial court faced the same question

- 7 -

that we face now, finality of sentence favored not resentencing—*i.e.*, not issuing yet another sentence.

¶ 37     Thus, *Castleberry* applied to defendant's case at the moment prior to resentencing, and its facts are similar to the facts at bar, necessitating the same outcome. In *Castleberry*, exactly as in the case at bar, the State had argued on appeal that defendant's sentence was void because the trial court failed to impose a statutorily required 15-year firearm enhancement, and the appellate court found the sentence void for this reason and remanded for resentencing. *Castleberry*, 2015 IL 116916, ¶ 6. However, the supreme court granted defendant's petition for leave to appeal and found that, based on cases that had been decided in the intervening 20 years, the *Arna* void sentence rule was no longer good law. *Castleberry*, 2015 IL 116916, ¶¶ 16-17. The supreme court found that the appellate court lacked authority to vacate the trial court's sentencing order and affirmed the trial court's initial sentencing decision. *Castleberry*, 2015 IL 116916, ¶¶ 25, 31. We reach the same result here.

¶ 38     The State argues that *Castleberry* applied only "to appellate courts, not to trial courts." However, there is no language in either *Castleberry* or *Price* that *Castleberry* is limited only to appellate courts. In fact, as we noted above, *Price* specifically states that *Castleberry* was not "limited" and applied to all cases. *Price*, 2016 IL 118613, ¶¶ 27-28. In addition, the State's argument flies in the face of the notion of *de novo* review. As we stated above, *de novo* review means that we perform the same analysis that the trial court would, and should have, performed. *Jones*, 2016 IL App (1st) 123371, ¶¶ 75-76. If we are replicating a trial court's analysis, then *Castleberry* applies to the trial court as well as an appellate court. Thus, we do not find persuasive the State's argument that *Castleberry* was limited to cases pending on appeal but not pending for resentencing pursuant to an appellate mandate.

¶ 39     Since *Castleberry* applied, the trial court should have done the same thing that we do now, which is to apply it. The defendant argued, and the supreme court in *Castleberry* agreed, that "the rule relied upon by the appellate court—that a sentence which does not conform to statutory requirements is void—is no longer valid in light of recent decisions from this court and, thus, could not provide a basis for the appellate court to reverse the circuit court's sentencing order." *Castleberry*, 2015 IL 116916, ¶ 9. The *Castleberry* defendant further argued, and the supreme court agreed, that, "in the absence of the void sentence rule, the appellate court had no authority to consider the State's request to increase his sentence." *Castleberry*, 2015 IL 116916, ¶ 10.[5] Thus, pursuant to *Castleberry*, this court had no authority to find defendant's initial sentence void, and the trial court erred in resentencing defendant and imposing the 15-year firearm enhancement where his original sentence was not void.

¶ 40     To see this issue more clearly, if an appellate court issues an opinion, and the supreme court then issues an opinion eliminating the basis for the appellate court opinion, thereby rendering it no longer good law, a trial court must apply the supreme court opinion, first and foremost. Our supreme court could not have been more clear: "The appellate court, therefore, had no authority in this case to vacate the circuit court's sentencing order in response to the State's argument." *Castleberry*, 2015 IL 116916, ¶ 25.

¶ 41     In *Price*, our supreme court observed that it had recognized only three types of void judgments, including "(3) where a judgment of sentence did not conform to a statutory

---

[5]"[T]he State must seek a writ of *mandamus* from this court if it wishes to challenge the error committed by the circuit court." *Castleberry*, 2015 IL 116916, ¶ 10.

requirement." *Price*, 2016 IL 118613, ¶ 31. The *Price* court found: "*Castleberry* eliminated the third type of void judgment, thus narrowing the universe of judgments subject to attack in perpetuity." *Price*, 2016 IL 118613, ¶ 31. By eliminating this third type, *Castleberry* eliminated the basis of our prior Rule 23 order.

¶ 42    Thus, we find that the trial court erred by proceeding with resentencing.

¶ 43    *People v. Stephens*, 2017 IL App (1st) 151631, cited by the State, is completely distinguishable from the case at bar. In *Stevens*, the defendant was sentenced three times. *Stephens*, 2017 IL App (1st) 151631, ¶ 1. First, the defendant was sentenced in 2005 to a total of 25 years with IDOC. *Stephens*, 2017 IL App (1st) 151631, ¶ 5. But, on appeal, the State argued that this sentence was void because the trial court failed to impose statutorily required consecutive sentences. *Stephens*, 2017 IL App (1st) 151631, ¶ 10. Thus, in 2009, this court vacated his original sentence, and the defendant was sentenced a second time, in 2010, to two 25-year consecutive sentences, for a total of 50 years with IDOC. *Stephens*, 2017 IL App (1st) 151631, ¶ 10. After the defendant filed a postconviction petition, we granted his request to vacate his sentences; and at his third sentencing in 2015, he received a total of 29 years. *Stephens*, 2017 IL App (1st) 151631, ¶¶ 12, 33. When, on appeal, he asked us to vacate this third sentencing—which we observed that we had ordered "at his request"—we declined. *Stephens*, 2017 IL App (1st) 151631, ¶¶ 69, 72. By contrast, in the case at bar, defendant is not seeking to undo relief that he specifically sought and received. A party cannot ask for relief, receive it, and then ask to undo it. *E.g.*, *People v. Lawrence*, 2018 IL App (1st) 161267, ¶ 52.[6]

¶ 44    Unlike the defendant in *Stephens*, defendant here argued both before and after his resentencing that it was improper. By contrast, the defendant in *Stephens* not only requested the resentencing but also thanked the trial court afterward, profusely, for reducing his total sentence from 50 to 29 years. *Stephens*, 2017 IL App (1st) 151631, ¶ 33.

¶ 45    Also, in *Stephens*, the defendant was not attacking the immediately prior appellate court decision but rather a much earlier appellate order—*the effect of which we had already vacated* at his request, providing the relief that he had asked for. *Stephens*, 2017 IL App (1st) 151631, ¶ 73. In the case at bar, the resentencing was taking place pursuant to the very appellate order whose foundation was just undercut by a supreme court opinion. By contrast, in *Stephens*, the appellate order that defendant sought to challenge was *not* the order that served as the basis for his last resentencing. For all these reasons, we find *Stephens* inapposite.

¶ 46    The State argues that the " 'law of the case doctrine bars relitigation of an issue already decided in the same case.' " *People v. Cole*, 2016 IL App (1st) 141664, ¶ 27 (quoting *People v. Tenner*, 206 Ill. 2d 381, 395 (2002)). As we observed above, the issue before us, as well as the issue that was before the trial court, is whether *Castleberry* applies, and that issue could not have been decided until *Castleberry* was issued. However, even if we found that the law of the case doctrine applies, the doctrine has an exception for "where the supreme court makes a contrary ruling on the precise issue of law on which the appellate court had based its prior decision," which is what happened here. *Cole*, 2016 IL App (1st) 141664, ¶ 29.

---

[6]In *Stephens*, we observed: "Our case involves a third sentencing, not a second, and we vacated that second sentencing at defendant's request. We would need to vacate two appellate court decisions, including one in defendant's favor," in order to provide the relief now requested by the defendant. *Stephens*, 2017 IL App (1st) 151631, ¶ 73.

¶ 47    In *Cole*, the appellate court found that this exception to the law of the case doctrine did not apply but for reasons that do not apply to our case. The *Cole* court found the exception "inapplicable because *Castleberry* abolished the void sentence rule in the context of a sentence being increased, while the sentence" in *Cole* "involved consecutive versus concurrent sentences rather than a sentence increase" and, thus, "the sentence handed down upon resentence was not an increase in defendant's sentence." *Cole*, 2016 IL App (1st) 141664, ¶ 29. By contrast, in the case at bar, defendant's sentence was indisputably increased upon resentencing, and thus, *Cole*'s reasoning is not applicable to our facts. In addition, "*Cole* was decided before our supreme court's decision in *Price*, and thus, our supreme court's subsequent decision in *Price* controls our decision here, not the earlier appellate court decision." *Stephens*, 2017 IL App (1st) 151631, ¶ 73. Thus, *Cole* struggled to apply earlier appellate court cases (*Cole*, 2016 IL App (1st) 141664, ¶ 30) because it lacked the benefit of our supreme court's subsequent decision in *Price*.

¶ 48    Next, the State argues that resentencing was merely a "trite formality." If resentencing was a "trite formality" as the State argues on appeal, then this court could have tacked on the 15-year enhancement ourselves. However, sentencings are serious matters, not trite formalities, at which a defendant may be personally heard, arguments are made and considered, and a trial court carefully weights factors in aggravation and mitigation, and where the trial court is under the same duty as this court to apply the law articulated by our supreme court, which governs all Illinois courts.

¶ 49    Lastly, the State argues that the trial court had no choice but to obey the appellate mandate in this case and cites in support *People v. Ruiz*, 177 Ill. 2d 368 (1997) (*Ruiz II*). See also *People v. Ruiz*, 132 Ill. 2d 1 (1989) (*Ruiz I*). We do not find *Ruiz II* dispositive for the following reasons. First, *Ruiz II* is a cautionary tale *against* interpreting a mandate too narrowly. In *Ruiz I*, the supreme court remanded for a hearing on the defendant's postconviction claim that his counsel was ineffective at his death penalty hearing for failing "to investigate additional sources of mitigating evidence." *Ruiz I*, 132 Ill. 2d at 28. In *Ruiz I*, the defendant's postconviction petition had alleged that his counsel was ineffective for failing to investigate favorable testimony from friends and family members and had attached supporting affidavits from them. *Ruiz I*, 132 Ill. 2d at 24-26. The supreme court found that counsel's failure to investigate "the evidence in question" constituted ineffectiveness and remanded for a "hearing on these portions of the defendant's petitions." *Ruiz I*, 132 Ill. 2d at 25-26, 28. However, on remand, the hearing went far beyond friends and family members, including a toxicologist who testified that the defendant was under the influence of drugs and alcohol at the time of the murders and a clinical psychologist who testified about the defendant's cognitive dysfunction. *Ruiz II*, 177 Ill. 2d at 381. On appeal from the hearing, the State argued that the trial court had violated the supreme court's mandate. *Ruiz II*, 177 Ill. 2d at 382. However, the supreme court rejected this argument, observing that the trial court has "wide latitude" to conduct the hearing and was " 'required to use any proper procedure necessary' " to discharge its duty in determining the defendant's claims. *Ruiz II*, 177 Ill. 2d at 383 (quoting *People v. Wakat*, 415 Ill. 610, 616 (1953)). The trial court was vested with this latitude, even though the law in the case had remained exactly the same—unlike our case.

¶ 50    Second, we do not find *Ruiz II* dispositive because, in the case at bar, the trial court faced a question that this court never had the opportunity to answer. When we remanded for resentencing to include the 15-year enhancement, *Castleberry* had not been decided. Thus, the

trial court was faced with a question of initial impression with respect to this case, namely, what *Castleberry* required. If all sentencing required was the mechanical application of 15 years to the existing 9-year sentence, we would not have needed to remand the case to the trial court. As noted above, contrary to what the State argues, sentencing is not trivial. The trial judge is under the same duty that we are to exercise judgment in applying the law and deciding new questions when they arise, and prior to resentencing, *Castleberry* eliminated the entire basis of our order. Thus, we do not find this argument persuasive.

¶ 51   Although the trial court stated that the question whether to resentence was best left to the appellate court and that it had no choice but to apply the mandate, we observe that, if the trial court had refused to resentence defendant, there is nothing that this court could have done. In this respect, the supreme court has drawn a clear line between itself and the appellate court. This clear line is best seen in cases such as *People v. Relerford*, 2017 IL 121094, and *People ex rel. Alvarez v. Gaughan*, 2016 IL 120110.

¶ 52   In *Relerford*, our supreme court "address[ed] the appellate court's decision to address the validity of defendant's unsentenced convictions." *Relerford*, 2017 IL 121094, ¶ 71. In *Relerford*, the supreme court observed that the appellate court's "jurisdiction extends only to final judgments and that there is no final judgment in a criminal case unless sentence has been imposed." *Relerford*, 2017 IL 121094, ¶ 71; *People v. Dixon*, 91 Ill. 2d 346, 352 (1982) ("the final step in a criminal judgment is the sentence [citations], and *** in its absence an appeal ordinarily cannot be entertained because the judgment is not final"); *People v. Flores*, 128 Ill. 2d 66, 95 (1989) ("there is no final judgment in a criminal case until the imposition of sentence, and, in the absence of a final judgment, an appeal cannot be entertained"). In the case at bar, if the trial court had refused to impose a new sentence and had reinstated the original sentence, the case would have been over since an appeal had already been taken from that final judgment. The State's only recourse, as we explain below, would have been to move for leave to file a *mandamus* action, which may be filed directly with the supreme court. Ill. S. Ct. R. 381(a) (eff. July 1, 2017).

¶ 53   In *Relerford*, the appellate court believed that it had jurisdiction based on *Dixon*, 91 Ill. 2d at 353-54. However, the supreme court in *Relerford* stressed that "*Dixon* must be understood to be limited" to its facts. *Relerford*, 2017 IL 121094, ¶ 74. In *Dixon*, the circuit court had erroneously merged two of the defendant's convictions into two other, more serious convictions and had sentenced only the more serious convictions, which the defendant then appealed. *Dixon*, 91 Ill. 2d at 349, 352. In *Dixon*, the supreme court held that that, although the unsentenced convictions were nonfinal orders, the appellate court had jurisdiction to order a remand for imposition of sentence on the lesser offenses since these offenses had been merged into and were thus "intimately related to" the sentenced convictions that the defendant had appealed. *Dixon*, 91 Ill. 2d at 353-54 (discussed in *Relerford*, 2017 IL 121094, ¶ 73).

¶ 54   In *Relerford*, our supreme court stressed that "*Dixon* must be given a [narrow] interpretation." *Relerford*, 2017 IL 121094, ¶ 75; *Dixon*, 91 Ill. 2d at 353 ("[t]he situation before us is an anomalous one"). The *Relerford* court found that, in the case before it, "the appellate court lacked jurisdiction to decide the validity of defendant's unsentenced convictions." *Relerford*, 2017 IL 121094, ¶ 75. However, that did not mean that the parties were without recourse. The *Relerford* court observed that, unlike the appellate court, the supreme court has "general administrative and supervisory authority over all courts" in Illinois. *Relerford*, 2017 IL 121094, ¶ 76. Thus, "[i]n the exercise of [the supreme] court's supervisory

authority, [it] opt[ed] to exercise jurisdiction over the unsentenced convictions." *Relerford*, 2017 IL 121094, ¶ 76.

¶ 55 Similarly, in *Castleberry*, the supreme court found that, although the appellate court lacked jurisdiction, the State could move for leave to file a *mandamus* action (*Castleberry*, 2015 IL 116916, ¶ 26), which could be heard directly by the supreme court (Ill. S. Ct. R. 381 (eff. Mar. 1, 2001)), and that is exactly what the state's attorney did in *Gaughan*, 2016 IL 120110, ¶ 1. "Illinois Supreme Court Rule 381 authorizes original *mandamus* actions" in the supreme court " 'to review a judge's judicial act.' " *Gaughan*, 2016 IL 120110, ¶ 21 (quoting Ill. S. Ct. R. 381 (eff. Mar. 1, 2001)). Pursuant to this rule, the state's attorney of Cook County moved for leave to file a *mandamus* action in the supreme court asking the highest court to order the trial judge in *Castleberry* to impose the statutorily required 15-year firearm enhancement, and the supreme court granted leave and ordered the trial judge to vacate his sentencing order and to resentence the defendant in *Castleberry* with the 15-year firearm enhancement. *Gaughan*, 2016 IL 120110, ¶ 34. Thus, contrary to the trial court's finding in the case at bar that the decision about resentencing was up to the appellate court, and contrary to the State's arguments before us and in the court below about the appellate mandate, there was nothing that this court could have done if the trial court refused to resentence. In that event, the appropriate remedy, if the State desired further relief, would have been to move for leave to file a *mandamus* action with the supreme court. *Gaughan*, 2016 IL 120110, ¶ 21; *Castleberry*, 2015 IL 116916, ¶ 26; Ill. S. Ct. R. 381 (eff. July 1, 2017).

¶ 56 In addition, we observe that, in choosing to exercise its discretion to afford *mandamus* relief to the State with respect to the *Castleberry* defendant, the supreme court emphasized: "This is not *** a situation where an inmate is about to walk out the prison door when the State seeks correction of his sentence." *Gaughan*, 2016 IL 120110, ¶ 16. Thus, the *Castleberry*/*Gaughan* situation is the polar opposite of our case, where the defense informed the trial court prior to the resentencing that, without it, defendant should have been released months ago.

¶ 57 Since we decide this issue based on *Castleberry* and *Price*, we do not reach the question of whether defendant's MSR term had run prior to our Rule 23 order and whether the sentencing issue was then moot.

¶ 58                                                                    CONCLUSION
¶ 59 For the foregoing reasons, we find that the trial court erred by proceeding with resentencing; we vacate the second sentence and reinstate his original sentence.

¶ 60 Vacated second sentence; reinstated original sentence.