2022 IL App (1st) 210301-U

FIFTH DIVISION
June 30, 2022

No. 1-21-0301

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 11665 |
| | ) | |
| HARVEY WRIGHT, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's judgment denying the defendant's motion for leave to file a successive postconviction petition is affirmed.

¶ 2     The defendant-appellant, Harvey Wright, filed a motion for leave to file a successive postconviction petition in the circuit court of Cook County, alleging that his arrest pursuant to an investigative alert was unconstitutional. The circuit court denied the defendant's motion and the defendant now appeals. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4     Following a jury trial in 2005, the defendant was convicted of three counts of aggravated criminal sexual assault and was sentenced to life imprisonment. For a full recitation of facts leading up to the defendant's conviction and sentence, see *People v. Wright*, No. 1-05-2892 (2007) (unpublished order under Illinois Supreme Court Rule 23). On direct appeal, this court affirmed the defendant's conviction and sentence. *Id.*

¶ 5     On August 25, 2008, the defendant filed a *pro se* postconviction petition challenging the circumstances of his arrest. His petition advanced to the second stage of proceedings and he was appointed postconviction counsel. On April 23, 2014, postconviction counsel filed a supplemental postconviction petition arguing, *inter alia*, that the defendant's arrest was unconstitutional because the police lacked probable cause to arrest him. On March 30, 2017, the trial court dismissed the defendant's postconviction petition. In rejecting the defendant's claim that the police lacked probable cause to arrest him, the trial court noted that the defendant's arrest followed an investigative alert. The defendant appealed that ruling. On August 24, 2020, pursuant to an agreed motion for summary disposition, this court vacated the trial court's order dismissing the defendant's postconviction petition and remanded the petition to the trial court for new second-stage proceedings. The agreed motion was based upon postconviction counsel's failure to file a Rule 651(c) certificate, review the record, and appear in court on the date of the dismissal. The record reflects that the remand of the defendant's initial postconviction petition is currently pending in the trial court.

¶ 6     On July 27, 2020, while the defendant's appeal was still pending and before this court vacated the trial court's dismissal of his initial postconviction petition, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, which is the subject of this appeal. In

his petition attached to the motion, the defendant argued that his fourth amendment rights were violated and that his "warrantless arrest must be quashed." Specifically, the defendant asserted that his arrest was unconstitutional because he was arrested pursuant to an investigative alert. The defendant acknowledged that "this claim was contained in [his] initial post[]conviction petition," but argued that investigative alerts have since been "ruled unconstitutional," citing *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part and vacated in part*, 2021 IL 125434. His petition claimed that in *Bass*, this court found that the use of investigative alerts violated Article I, § 6 of the Illinois Constitution. The defendant's petition concluded:

> "It is undisputed that [the] [d]efendant was arrested solely on the basis of an investigative alert. If the ruling in *Bass* had been issued at the time of [the] [d]efendant's motion [to quash arrest] hearing or initial post[]conviction proceeding, he could have been entitled to relief and the outcome of either proceeding would have been different. Thus, based on the Evolving Law Exception, [the] [d]efendant is entitled to relitigate his claim, and leave to file a successive post[]conviction petition should be granted."

The defendant also averred that, because his arrest was unconstitutional pursuant to *Bass*, any evidence gathered after his arrest must be suppressed.

¶ 7     The trial court denied the defendant leave to file his successive postconviction petition. In its written order, the trial court explained that the defendant's successive petition was based upon "new law" regarding investigative alerts from *Bass*, "in which the First District [of the Illinois Appellate Court] held that the Illinois Constitution does not authorize warrantless arrests based upon investigative alerts, even if supported by probable cause." The trial court nonetheless held that the defendant's claim failed "for several reasons."

¶ 8      The trial court first noted that *Bass* was not decided until 2019, 14 years after the defendant's conviction, and that prior to *Bass*, "no court had held that warrantless arrests pursuant to investigative alerts were unconstitutional." The trial court continued by stating that *Bass* is not retroactive, as "new constitutional rules of criminal procedure are generally not retroactive," and *Bass* did not meet either of the exceptions for it to apply retroactively, so therefore *Bass*'s ruling does not apply to the defendant's case.

¶ 9      The trial court further stated that "subsequent decisions of the First District [of the Illinois Appellate Court] have rejected *Bass*. *** To date, no published Illinois decision followed *Bass*'s holding regarding investigative alerts." Accordingly, the trial court held that the cases rejecting *Bass* were more persuasive and that it would follow those holdings.

¶ 10      The trial court concluded its order by holding that the defendant's arrest was lawful, and so it also rejected his argument that any evidence gathered after his arrest must be suppressed. This appeal followed.

¶ 11                                    ANALYSIS

¶ 12      We note that we have jurisdiction to consider this matter, as the defendant filed a motion to file a late notice of appeal, which this court granted. Ill. S. Ct. R. 606(c) (eff. July 1, 2017).

¶ 13      The defendant presents the following issue for our review: whether the trial court erred in denying his motion for leave to file a successive postconviction petition in which he claimed his arrest was unconstitutional. He argues that his successive postconviction petition established cause for his claim because the reasoning of *Bass* was not available when he first challenged his arrest in his initial postconviction petition, and that he established prejudice because, based on *Bass*, his arrest was unconstitutional since it was pursuant to an investigative alert. The defendant asks us to vacate the trial court's judgment denying him leave to file his successive postconviction petition

and remand this case to the trial court for further postconviction proceedings.

¶ 14    The Post–Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq.* (West 2020)) provides a procedural mechanism through which a criminal defendant can assert that his constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1 (West 2020); *People v. Allen*, 2019 IL App (1st) 162985, ¶ 29. The Act generally contemplates the filing of only one postconviction petition, and any claim not presented in the initial petition is subsequently forfeited. 725 ILCS 5/122-1(f) (West 2020); *Allen*, 2019 IL App (1st) 162985, ¶ 29. However, a court may grant a defendant leave to file a successive postconviction petition if he demonstrates cause for failing to raise the claim in his earlier petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f); *Allen*, 2019 IL App (1st) 162985, ¶ 32. Under this cause-and-prejudice test, a defendant must establish *both* cause and prejudice. *Allen*, 2019 IL App (1st) 162985, ¶ 32. " 'Cause' is established when the defendant shows that 'some objective factor external to the defense impeded his ability to raise the claim' in his original postconviction proceeding." *Id.* (quoting *People v. Tenner*, 206 Ill. 2d 381, 393 (2002)). And " '[p]rejudice' is established when the defendant shows that the 'claimed constitutional error so infected his trial that the resulting conviction violated due process.' " *Id.* (quoting *Tenner*, 206 Ill. 2d at 393). If the defendant makes a *prima facie* showing of cause and prejudice, the court should grant the defendant leave to file his successive postconviction petition. *People v. Ames*, 2019 IL App (4th) 170569, ¶ 13. This court reviews the denial of a defendant's motion for leave to file a successive postconviction petition *de novo. Id.* ¶ 11.

¶ 15    Here, the defendant's successive postconviction petition alleged that his arrest was unconstitutional because he was arrested pursuant to an investigative alert. His petition relied heavily upon the *Bass* opinion from this court filed in 2019. In *Bass*, this court held, in part, that

investigative alerts, which "allow for police supervisors to internally make [a] probable cause determination," in order to arrest someone, are unconstitutional. *Bass*, 2019 IL App (1st) 160640, ¶ 1. That conclusion was based upon the text and history of the Illinois Constitution and the limited lockstep doctrine. *Id.* ¶ 2. In 2021, however, our supreme court *vacated* that holding. *People v. Bass*, 2021 IL 125434, ¶ 31. While our supreme court vacated that holding on other grounds and did not address the issue of whether arrests pursuant to investigative alerts are unconstitutional, it nonetheless vacated the holding. *Id.* ¶¶ 30-31. Consequently, the "new law" upon which the defendant bases his petition, is no longer law. In other words, courts can no longer follow *Bass* in finding that an arrest is unconstitutional solely because it was pursuant to an investigative alert, as that particular holding has been vacated by the Illinois Supreme Court. See *People v. Miller*, 2019 IL App (1st) 161687, ¶ 40 ("if an appellate court issues an opinion, and the supreme court then issues an opinion eliminating the basis for the appellate court opinion, thereby rendering it no longer good law, a trial court must apply the supreme court opinion, first and foremost").

¶ 16    The defendant nonetheless asserts that his petition established cause because our supreme court recently granted leave to appeal in another case involving the constitutionality of investigative alerts, *People v. Dossie*, 2021 IL App (lst) 201050-U. In *Dossie*, this court reversed the trial court's holding that the defendant's arrest was unconstitutional because it was based on an investigative alert. *Id.* ¶ 21. In so ruling, we noted that the trial court had relied upon *Bass*, which was good law at the time, but that it had since been vacated by our supreme court. *Id.* ¶¶ 20-21. The defendant in that case filed a petition for leave to appeal, which was allowed by our supreme court. *People v. Dossie*, 175 N.E.3d 111 (2021). That appeal is currently pending before our supreme court.

¶ 17    Because *Dossie* is currently pending before the Illinois Supreme Court, the defendant here

argues that until the supreme court issues a decision in that case, the constitutionality of investigative alerts "remain in a state of flux." The fact that there *may be* a new rule in the near future concerning investigative alerts is insufficient to establish the cause prong of the cause-and-prejudice test. The defendant's argument is constructed on speculation and supposition regarding what our supreme court may do in the future. There is no support for such an argument.

¶ 18    As already explained, *Bass* was vacated by our supreme court, and thus the "new law" posited by the defendant regarding the constitutionality of investigative alerts has no legal support. Notably, no other case has aligned with *Bass*'s holding, and therefore, there is no "split law" on this issue. In fact, numerous other cases from this court rejected *Bass*'s logic regarding the constitutionality of investigative alerts *even before* our supreme court vacated the holding in *Bass*. See, *e.g.*, *People v. Braswell*, 2019 IL App (1st) 172810, ¶ 37 (we disagree with the majority's finding in *Bass* that investigative alerts are contrary to the mandates of the Illinois or United States Constitutions); *People v. Simmons*, 2020 IL App (1st) 170650, ¶ 64 (we agree with *Braswell* and decline to follow the flawed reasoning in *Bass*); and *People v. Thornton*, 2020 IL App (1st) 170753, ¶ 50 (we find the dissent in *Bass* more persuasive and reject the defendant's contention that the investigative alert in this case was unconstitutional).

¶ 19    Simply put: the crux of the defendant's successive postconviction petition is based upon this court's holding in *Bass* that investigative alerts are unconstitutional, but that holding has since been vacated by our supreme court and no other court has yet to rule that investigative alerts are unconstitutional. So, contrary to the defendant's argument, there is no "new law" or even split law concerning this issue. Since cause is established by identifying an objective factor that impeded a defendant's ability to raise a specific claim during his initial postconviction proceedings, (*People v. Guerrero*, 2012 IL 112020, ¶ 17), there can be no cause when there is no new rule for the

defendant to now raise. Under the circumstances of this case, the defendant cannot establish cause in order to raise his claim of an unconstitutional arrest to justify the filing of a successive postconviction petition.

¶ 20 Having concluded that the defendant failed to establish the cause prong of the cause-and-prejudice test, we need not analyze whether he established prejudice. *People v. Howard*, 2021 IL App (2d) 190695, ¶ 21 (a defendant requesting leave to file a successive postconviction petition must make a *prima facie* showing of *both* cause and prejudice, and a failure to establish *either* prong is fatal to the claim). Thus, the defendant's motion for leave to file a successive postconviction petition was properly denied.

¶ 21 In the alternative, the defendant asks this court to vacate the trial court's order denying him leave to file his successive postconviction petition and remand this matter to the trial court for second-stage proceedings "in the interests of judicial economy, because a similar claim was raised in his initial petition," which has been remanded for second-stage proceedings and remains pending. Nevertheless, the initial postconviction petition and the successive postconviction petition were two *separate* petitions and proceedings. While the defendant's initial postconviction petition has been remanded to the trial court, his subsequent motion for leave to file a successive postconviction petition, which is the sole subject of this appeal, has no bearing on the proceeding currently pending in the trial court. Simply because the initial postconviction petition contains a similar claim, does not warrant remanding *this matter* to the trial court. We therefore reject this invitation from the defendant to remand this matter on that basis as there is no legal support for doing so. Accordingly, we affirm the trial court's judgment denying the defendant's motion for leave to file a successive postconviction petition.

¶ 22                                            CONCLUSION

¶ 23     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24     Affirmed.